Moody *v.* Willis.

---

EDWIN MOODY *v.* JOSEPH WILLIS.

1. EVIDENCE: PARTY OFFERING WRITTEN CONTRACT AS EVIDENCE MAY READ SO MUCH AS IS NECESSARY TO SUSTAIN HIS ACTION.—In an action founded on a written contract upon which a transfer is endorsed, the party offering such contract as evidence is not required to read the transfer; if the defendant relies on the defence that the legal title to the contract is not in the party suing, he must offer in evidence the transfer.

2. SET OFF: DEFENDANT MAY PLEAD AS A SET-OFF A JUDGMENT AGAINST THE PLAINTIFF AND ANOTHER.—A judgment in favor of Moody and against Willis and Patrick, may be pleaded as an offset to an action by Willis against Moody.

3. SAME: DEFENDANT CANNOT PLEAD AS AN OFFSET DEMAND AGAINST ONE PLAINTIFF, WHERE IS ACTION BROUGHT BY TWO.—Where an action is brought in the name of two plaintiffs, an indebtedness from *one* of the plaintiffs to the defendant cannot be pleaded as a set-off.

4. SAME: ONE OF TWO OR MORE DEFENDANTS CANNOT PLEAD HIS DEMAND AGAINST THE PLAINTIFF AS SET-OFF.—In an action against two or more defendants, the demand of one of the defendants against the plaintiff, cannot be pleaded as an offset.

ERROR to the Circuit Court of Hinds county.   Hon. John Watts, judge.

Willis sued Moody to recover $1,000 alleged to be due by special contract.   Moody, besides other pleas, pleaded that plaintiff was indebted to him in the sum of $2500, for which he claimed a judgment over.   To this plaintiff replied, denying generally.   He further pleaded that, at the time of the commencement of this suit, the plaintiff and Allen Patrick were indebted to defendant in the sum of $8,387.67; for which sum defendant had brought his bill in equity against them and others in the Chancery Court of Madison county, and on the 23d of April, 1859, obtained a decree against said plaintiff and Patrick for the sum stated, with interest at six per cent., which decree is in full force and unpaid.   To which plea plaintiff demurred, assigning the following causes :

1. Said plea is no defence.

2. The joint decree cannot be set off in this suit.

The demurrer was sustained.

The cause was submitted to a jury, and a verdict returned for Willis.   A motion for a new trial by Moody was overruled.

The exceptions taken to the testimony appear in the opinion of the court.

*G. L. Potter* for plaintiff in error.

1.   The court erred in sustaining the demurrer to the plea that Willis and Patrick were indebted to Moody in a sum much larger than the amount sued for.   The objection that this was a joint debt cannot prevail under our law; for a separate action is permitted on such demands ; and for all the purposes of suit they stand precisely as if they were the debt only of the party sued.   Code 357, § 10.   The plea of set-off is in the nature of a cross-action, and is within this rule of the statute.   The fact that a decree has been obtained against both Patrick and Willis on this demand should not alter the case.   It will hardly be claimed that this decree is so obstinately " joint," that no suit can be maintained upon it against Willis alone ; if the old rules as to "joint" indebtedness be applied in such cases, then we

Moody *v.* Willis.

abandon to that extent the policy of our laws, and may prevent recoveries in some cases, unless we introduce some process of outlawry. The law requires parties to notes to be sued in a "joint" action, in which one judgment is to be entered against the parties liable, Code 357, § 15; and if the objection is to prevail, the plaintiff in such a case could not offset such recovery, if sued by the maker of the note on which such joint action was founded, no real objection, apart from obsolete technics, existing against the offset pleaded.

2. The court erred in permitting the contract sued on to be read to the jury, for the reason that it did not tend to support the action. By an endorsement upon that contract it appeared that it had been specially endorsed to Mrs. Caroline Willis before suit brought, and that the legal title. was still in her. This is a contract for the payment of money, and may be assigned under the Code 355, § 2. As the writing was produced by plaintiff, whatever transfer was found endorsed on it might be taken, as against him, to be authentic. *He* produced the contract with the endorsement thereon, purporting to be made and signed by himself, and he having thus produced it, no proof of signature was necessary. If this were not the rule, still the plaintiff had concluded himself by an entry upon the record, at the foot of the declaration, showing that Mrs. Willis was the assignee, "as per transfer endorsed on the contract sued on." It is thus admitted of record that plaintiff has no title to or interest in the contract sued on. The record admits the fact of the special assignment endorsed on the contract; being thus specially endorsed to a third party, the writing did not tend to maintain the right of plaintiff to recover.

4. In this connection we present the matter of the third instruction asked for defendant Moody, which was refused. It presented the matter of this endorsement before suit brought. The proof was positive that this transfer was made by Willis, that therefore he had no title to or right of recovery upon the contract sued on. Virtually, it was a case in which it appeared from the showing of the plaintiff himself, that he had no cause of action; and yet the court refused to charge that, in such a

case, he could not recover. Surely, in such a case, no *plea* was necessary in order to raise this point. Pleas are necessary only to enable the *defendant* to introduce his proof. They are unnecessary where the plaintiff admits or proves, on the trial, that he has no title. It is vain to say that there was no evidence of the transfer; it was admitted on the record. Moreover, the contract thus endorsed was in the hands of the jury, and then the transfer was proved. If the admission of this fact, contained in the note at the end of the declaration, can be considered as a part of the declaration, then the demurrer to the plea of set-off should have extended back and sustained to the declaration.

*D. Shelton* for defendant in error.

The first question in this case is on the court's sustaining plaintiff's demurrer to defendant's plea of set-off, filed June, 1866. It was an attempt to plead set-off against Willis of a joint decree against Willis and Patrick.

1. The demurrer was properly sustained, because the defendant had already pleaded one plea of set-off of a presumed indebtedness by Willis to him for $2,500, and claimed judgment for the balance, on which issue had been taken. By the plea of set-off of June, 1866, he further attempted to set off a debt of Willis and Patrick of over $8,000, and claimed judgment for the balance.

A plea of set-off is a cross-action. Now, suppose the defendant had succeeded on both those pleas : there could have been but one judgment in the cause; that judgment would have been partly for a debt of Willis alone, and partly for the partnership debt of Willis and Patrick. He would have effected by his cross-action what he could not do by a direct action. He would have united in the same action a demand against Willis, founded on a partnership liability, with a demand against him individually. A joint indebtedness with an individual indebtedness in the same suit, and recovered one judgment on both. That cannot be done. 34 Miss. R. 416 ; 6 T. R. 363.

This position also shows the correctness of the following proposition.

2. The *joint decree* was. not a legal set-off in this cause.

The statute requires that it shall be a *mutual* indebtedness between plaintiff and defendant. Code, p. 493, art. 98.

This statute is almost identical in language with the English statute of set-off. The New York and Massachusetts statutes, though using other language, have been adjudicated to mean the same thing as the English statute. In England and in those States and other States in the Union, it has been adjudged that, because of a want of *mutual indebtedness between plaintiff and defendant*, joint and separate debts can not be set off against each other, although some of the parties may be identical, and this rule is laid down without exception. 1 Selwin, N. P. 155; 2 T. R. 37; 4 New Hamp. R. 236; 4 I. C. R. 11; 7 Smedes and Marshall, 9; 2 *Blackford's R.* 349; 3 *Blackford's R.* 32; 5 *Cranch R.* 34; 21 *S. and R.* 359; 6 *Connecticut R.* 20.

The authorities which I have *underscored* not only decide the general principle, but they apply it to facts precisely like this case, in which a joint debt is sought to be set off against an individual claim of plaintiff. They make indubitable application of the principle to cases precisely like the present. The case in 7 S. M. and M. 9 is a case in which the individual debt of one plaintiff is sought to be set off against a. joint demand; here the principle is stated broadly, and without limitation, as the rule of law.

The other cases cited vary in character; but they are all founded on the broad principle that joint and separate debts can not be set off against each other, and the underscored cases are identical with this case.

But the statute, Code p. 357, art. 10, authorizes suit against one or more of the parties liable, on any joint or joint and several bond, covenant, bill, promissory note, or other contract; or on any promised .contract, or "*liability of co-partners.*" And we are told that this statute makes all joint contracts and liabilities joint and several, and, therefore, a joint decree may be set off against an individual demand. Against this doctrine I contend :

1. That a joint decree does not come within the meaning of the act; the only phrase in the act that can possibly cover it is, "*liability of co-partners.*"    It does not appear by the plea that said decree was rendered upon a partnership liability; on the contrary, it does appear by the plea, that it was rendered on a joint and several liability; a co-partnership liability is not a joint and several liability.  In no sense, then, can it be said that the plea set up a "liability of co-partners," for the decree could not make a partnership liability of that which was not a partnership liability before.  Since then the plea showed a case which did not come within that phrase in the statute, and did not approximate any other word therein used; it did not set up a cause of cross-action, on which several actions could have been brought against Willis & Patrick.  The statute aforesaid did not therefore make this case an exception to the general rule already stated.

2. By the contents of that statute it is apparent that it was never intended to change the character of judgments and decrees.  The statute applicable to this question, omitting the irrevelant part, would read thus: "In any action founded on any liability of co-partners it shall be lawful to sue any one or more of the parties liable on such liability."  The other words used in the statute are all *choses in action*, and not matters *in judgment*.  The word liability is plainly intended to cover those liabilities before judgment, which are not by express contract, but by implied contracts, and torts.  It was certainly never intended to carry the charge that is thereby brought beyond the judgment.  It was never intended by that act to create separate remedies against one or more of the defendants in a joint judgment, and thus upon *scire facias*, or otherwise, obtain in the same court several judgments upon one.  That subject was left by the statute precisely where it stood before.  If the party sued jointly, and got a joint judgment, that judgment stood precisely as if it had been obtained when no other remedy existed but a joint action.  If he sued separately and got separate judgments, they were several in their character, although they were founded on a joint cause of action; so in this

case, the judgment is a joint judgment in all its consequences, and is not affected by said statute, and for that reason is not an exception to the general rule in relation to set-off.

3. I go still farther. I deny the doctrine that the act aforesaid changes the character of the contract or liability, and makes of a joint demand a joint and several demand.

The act does not purport to change the character of the contract. If the parties or the law make the contract joint, the statute does not purport to make it several. It is no act to change the character of the *liability*, but only of the *remedy ;* while the statute itself recognizes in terms that the *liability* continues to be joint or joint and several, as the parties, or the law of contracts and liabilities has made it. The position is strengthened by the fact that the statute not only qualifies the remedy on *joint* contracts, but also on *joint* and *several* contracts or liabilities ; for it provides that, upon either kind of contract, the plaintiff may sue any *number* of the parties, which could not previously be done on *joint and several* contracts ; but on these the plaintiff must have sued jointly against all or severally against all. If, therefore, we are to say that the statute changes the character of the contract or liability, then it changes those that are *joint and several*, as well as those that are joint, and converts both into an anonymous species of contract or liability which has yet to be named. It is very apparent that this is not so ; but that the statute changes only the remedies on the two kinds of contracts.

The next article of the act shows the correctness of my position. It requires that joint actions shall be brought against makers and endorsers of bills, notes, &c. Upon the doctrine of defendant's counsel it might as well be argued that that article made the liability of makers, endorsers, &c., joint and not several, a consequence of which would be, that in such a joint action the maker could not set off a debt due from plaintiff to him.

Upon such a doctrine neither of the two articles referred to can be made sensible or consistent, and hence it must be fixed that neither article changes the character of the liability, but

only the remedies on the three kinds of liabilities : the *joint*, the *joint* and *several*, and the *several ;* that these several kinds of liabilities remain what they were before the act.

But we may be told that these changes in the forms of the remedies, in the parties to the suits, give the right of set-off where otherwise it did not exist.

If, by the statute of set-off, the right of set-off had been made to depend on the form of the *remedy*, or the *parties to the action only*, the argument would be plausible ; but such has not been ours, or any other statute of set-off, that I know of. ' They all, and especially ours, require that there shall be a *mutual indebtedness* between plaintiff and defendant. Unless, therefore, the acts aforesaid changing the remedy make that a *mutual indebtedness* between plaintiff and defendant, which was not before a mutual indebtedness between them, the old rules of set-off as established before said act must still be correct, and, therefore, a joint indebtedness cannot now be set off against an individual demand. In other words, unless it converts a joint indebtedness into a separate indebtedness, then the case is not one of mutual indebtedness between plaintiff and defendant.

For any one of the foregoing reasons the same decree as pleaded was not a legal set-off in this cause.

The next question is on defendant's objection to plaintiff's reading to the jury the contract sued on, because (says defendant) there was a written assignment of it by plaintiff to his wife. That assignment is copied into the transcript, and of the same date as the contract. The objection was correctly overruled for two reasons :

1. Because if the assignment existed it had not been proven nor offered in evidence by either party, and it was not cause of objection to the reading of the contract, but a document to be offered in evidence by the defendant, and, if offered, might have been rebutted by the plaintiff.

2. As I shall hereafter show, the assignment did not convey legal title, but only a beneficial interest to Mrs. Willis.

Again, defendant offered in evidence as a set-off, the chancery decree aforesaid, and the court rejected it. If I am right on

the demurrer, it settles this question.    But I am right for two other reasons:

1. There was no plea under which the decree could be read in evidence. The other plea of set-off was of Willis's *individual* indebtedness to Moody, $2,500. The joint decree could not be read under that plea. 34 Miss. R. 216; 6 T. R. 363.

2. No notice or items of set-off had been filed by defendant, and therefore no set-off could be proved. 33 Miss. R. 24; 30 Miss. R. 241. And in *this court* the notice and items of set-off must appear by the exception, or it will not be noticed. 2 Sm. & M. 473.

All the other questions of law raised in this cause are on the court's instructions to the jury.    They are so plainly the law of the case, that I shall not trouble the court with an argument of them.

But the court refused to instruct for the defendant: That if the jury believed that the contract sued on was, before suit brought, transferred by plaintiff to his wife, and that the latter had the legal title thereto, plaintiff cannot recover.

The court rightly refused.

1. Because that pretended transfer had not been given or offered in evidence by either party. All that the bill of exceptions states on that subject is on p. 9 of the record before spoken of, and also the fact that plaintiff's attorney admitted the transfer to be signed by Willis; but that transfer was not read in evidence or offered in evidence by either party.

2. The transfer, if it had been read, did not give legal title to Mrs. Willis, and the suit could not have been maintained in her name.

The transfer is of the same date as the contract, and before Willis had executed his undertakings in that contract.

Our statute, Code, p. 355, declares: " That all bonds, obligations, bills single, promissory notes, and other writings for the payment of money, or for the payment of any other thing, may be assigned by endorsements whether payable to order or not, and that the assignee may sue in his own name."

The meaning of this statute is, that instruments that could

previously be assigned *if payable to order*, might be assigned by endorsements, *though not payable to* ORDER. But it certainly was not intended to give other contracts, such as executory contracts, agreements, contracts for labor, services, etc., a negotiable character. It was never intended to convert every written agreement into a negotiable instrument, or to make every executory contract commercial paper.

The suit was properly brought in Willis's name, but for the use of the wife as endorsed on the declaration.

HARRIS, J., delivered the opinion of the court.

Willis sued Moody on a special contract for $1000, for superintending the building of the court-house at Canton, as architect.

The declaration was in the name of Willis; at the foot of the declaration a memorandum appears, signed by counsel for plaintiff, stating that the action is brought for the use of Willis's wife. On the back of the agreement sued on there appears an endorsement, assigning to Mrs. Willis, for a valuable consideration, all plaintiff's right, title, and interest to said contract or agreement, dated 23d October, 1866. On the trial, when plaintiff offered to read this contract—*without the endorsement thereon*—to the jury, the defendant objected; this objection was overruled by the court, and agreement read. Defendant did not then read or offer to read the assignment on the back of said contract, to the jury, but relied on his objection to said contract made to the court, that by the endorsement on this contract, the legal title to said agreement was transferred to his wife, and no action could be maintained thereon in his name.

The court ruled correctly on this subject. The plaintiff had a right to read so much of said paper as established the contract sued on. An assignment on the same paper, transferring to another the plaintiff's cause of action thereon, was a matter of defence, under proper pleadings, to be established by the defendant; and it was his duty, therefore, if he designed to rely on such transfer, at the proper time to read, or offer in evidence,

such transfer, in support of his defence. Having failed to show that the assignment was read, or offered in evidence, on the trial, he cannot here insist on this point as ground of error.

Another ground of error relied on here is the judgment of the court sustaining plaintiff's demurrer to defendant's plea of offset.

The offset relied on was a judgment or decree of the Chancery Court in favor of defendant Moody against plaintiff Willis and another, for a much larger sum than was claimed by plaintiff in this action. The plea was in all respects formal and regular, specially describing the judgment relied on as an offset, and filing a copy thereof.

To this plea there was a demurrer, because the plea was no defence to the action; and 2d, because the joint decree cannot be set off in this action.

It is clear that under our system, there was perfect mutuality, as between Moody and this defendant, as to the matter stated in the plea of set-off. It was a *several* indebtedness of Willis to Moody—although there was another defendant bound to Moody also, by the decree. That another party also owed the same amount to Moody, does not destroy the *several* character of the indebtedness, or destroy the mutuality of indebtedness as between Willis and Moody.

If the action had been in favor of two plaintiffs, and the indebtedness of *one* plaintiff to the defendant relied on, this would have been a want of mutuality in the demands; or if the action had been by Willis alone against Moody *and another defendant,* and the offset relied on had been in favor of one defendant alone, there would have been a want of mutuality. The reason upon which the rule of mutuality is founded, is an obvious one—it is to avoid outside issues and to promote finality in legal proceedings. To allow one defendant, when jointly sued with another, to bring into litigation in the same suit *his* individual private transactions with the plaintiff, would be to multiply issues; and when the suit was determined between the plaintiff and defendants, to leave for another settlement or law-suit the adjustment of accounts between the

defendants, growing out of the preceding suit. And so, when there are several plaintiffs and one defendant, the indebtedness of *one* of the plaintiffs to the defendant is not mutual, so far as the other two plaintiffs are concerned.

It was error therefore for the court to sustain the demurrer to this plea. And the demurrer should have overruled for this error. Let the judgment be reversed, and cause remanded for further proceedings.