# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## APRIL TERM, 1886.

---

### J. W. PEYTON v. PLANTERS' COMPRESS COMPANY.

SET-OFF. *Judgment against plaintiff's assignor and another.*
A certain compress company gave its promissory note to J., who assigned the same to P. In a suit instituted on the note by P., the company offered, as a set-off to the note, a judgment against J. and G. on a debt contracted before notice of the assignment. *Held*, that such judgment may be set off against the note sued on. *Moody* v. *Willis*, 4? Miss. 347, cited.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

This is an action by J. W. Peyton against the "Planters' Compress Storage and Transfer Company" on a certain promissory note. The note was for one thousand and eighty-three dollars and thirty-three cents, and was executed by the defendant company in favor of John A. Klein, who assigned it to the plaintiff. The defendant in its plea set out a judgment for thirteen thousand and ninety-seven dollars and seventy-six cents rendered in its favor against George M. Klein and E. B. Klein, as executrix of John A. Klein, deceased, which was asked to be set off against the claim of plaintiff. The debt on which this judgment was rendered was created before the defendant had notice of the assignment of the note by Klein to Peyton. To this plea the plaintiff demurred, on the

410

ground that " the judgment pleaded by defendant as a set-off is not mutual as between plaintiff and defendant." The court below overruled the demurrer, and the plaintiff appealed.

*W. K. Ingersoll* and *Nugent & McWillie*, for the appellant.

The appellee claims that, as, at the time the said note was assigned to appellant, the said John A. Klein, constituting with George M. Klein the bank, was severally as well as jointly with said George M. Klein indebted to it in a sum larger than the note, therefore it ought not to be compelled to pay the note to appellant, and this is the only question in the case of moment. The statute allows a defendant " the benefit of all want of lawful consideration, failure of consideration, payments, discounts, and set-offs made, had, or possessed," against any note or bill when sued thereon, previous to notice of assignment, in the same manner as if the suit had been brought by the payee. Section 1124. But the law only allows set-offs, in the case of mutual indebtedness. Code, § 1537.

Construing the statute in *Moody* v. *Willis*, 41 Miss. 357, the court says : " If the action had been in favor of two plaintiffs, and the indebtedness of one plaintiff to the defendant relied on, this would have been a want of mutuality in the demand ; or if the action had been by Willis alone against Moody and *another defendant* and the offset relied on had been in favor of one defendant alone, there would have been a want of mutuality." * * * And so, when there are several plaintiffs and one defendant, the indebtedness of one of the plaintiffs to the defendant is not mutual, so far as the other two plaintiffs are concerned.

In *Bullard* v. *Dorsey*, 7 S. & M. 9, the court says, p. 13 : " * * * The debts must be between the same parties to constitute a good set-off; they must be in the same right, although they need not be of the same dignity. In an action by two persons, the defendant cannot set off a debt due him by one of them. * * * The parties must be dealing together, that is, there must be mutual dealings. The dealings are not mutual unless they are between the same parties, and if not there is no dealing between them." Judge Clayton dissented on the ground that our statute made all joint liabilities, as well of partners as of others, *joint and several ;*

but the view of the court seems to have prevailed ever since, and the statute has been repeatedly re-enacted with this judicial construction impressed upon it. *Jones* v. *Howard*, 53 Miss. 713 ; *Denny & Co.* v. *Wheelright & Co.*, 60 Miss. 733.

The subject of set-off is entirely under statutory control in this State, but the rules prevalent in other States tend to intensify the utterances of our supreme court. Mutuality of demands is one of the cardinal principles of the law of set-off. The general rule is, that in order that the doctrine of set-off may be applied, there must be mutual and connected demands between the same parties and in the same right. Joint debts cannot be set off against separate debts, nor separate against joint, because in such case the parties are not the same, nor can a partner's separate debt be set off against a claim due the partnership. *Gregg* v. *James*, 12 Am. Dec. 151 and notes; *Henderson* v. *Lewis*, 11 Ib. 733; *Stewart* v. *Carlton*, 14 Ib. 680 ; *Richardson* v. *Iron Co.*, 33 Ib. 460 ; *Craig* v. *Henderson*, 44 Ib. 193 ; *Warder & Co.* v. *Newdyat*, 52 Ib. 567.

*W. L. Nugent*, of counsel for the appellant, argued the case orally.

*A. B. Pittman*, for the appellee.

In respect to the defense of set-off, appellant's counsel cites *Bullard* v. *Dorsey*, 7 S. & M. 9. That was a case where *one* of two defendants was not permitted to plead a set-off due him alone against an intermediate holder. The citation of such a case is perhaps conclusive that the very able and industrious counsel has abandoned all idea of doing more than to make a perfunctory argument.

In this case, assuming for the sake of argument that Peyton is owner by a valid assignment, the set-off is admissible to the full extent as it would have been if the suit was brought by the payee, John A. Klein. Rev. Code, § 1124.

If then the suit had been brought by the payee, John A. Klein, there could have arisen no question as to want of mutuality. *One* plaintiff sues *one* defendant. The latter pleads a set-off due to said one defendant alone from the *one plaintiff*. It is true another owes the same debt together with the plaintiff, as it was a joint and

*several* debt of John A. Klein and George M. Klein. In the case of *Moody* v. *Willis*, 41 Miss. 347, the court decided the very question in this case.

*A. B. Pittman* also made an oral argument.

CAMPBELL, J., delivered the opinion of the court.

The cases of *Bullard* v. *Dorsey*, 7 S. & M. 9; *Moody* v. *Willis*, 41 Miss. 347, and *Chambliss* v. *Matthews*, 57 Miss. 306, are entirely harmonious, and are all approved, but each presents a different case from the other. The case now before us falls precisely within the rule announced in *Moody* v. *Willis*, wherefore the judgment is

*Affirmed.*