M. H. PEINE v. E. A. LEWIS, ADMINISTRATRIX.

SET-OFF. *Mutuality of. Evidence to support, when admissible. Case in judgment.*
L. sued M. and C. on a joint promissory note. The defendants pleaded payment and gave notice with their plea of an open account against L., which they would ask to be set-off against the note. Afterward C. withdrew his plea and said nothing. On the trial an open account in favor of M. against L. was offered, and in support of it evidence was offered to show that M. was the principal debtor and C. simply a surety. The court rejected this evidence and refused to allow the account as a set-off. *Held,* that the action of the court was correct.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

Elizabeth A. Lewis, administratrix of the estate of James Lewis, deceased, brought this suit against M. H. Peine and C. Peine on a promissory note signed by them jointly, when defendants pleaded payment and gave notice under it of an open account against James Lewis which they would ask to be set off against the note. Afterward C. Peine withdrew his plea of payment and said nothing. On the trial the first four items on the account were allowed to set-off against the note. The last three items on the account were in the nature of an open account or claim of M. H. Peine individually against James Lewis, deceased. The defendant then offered to introduce evidence in support of these last three items of the account to this effect: " That the note sued on was executed by M. H. Peine as the principal debtor and by Charles Peine as the security thereon, which evidence the court on plaintiff's motion rejected, and refused to hear any evidence in support of said last three items of said account, the court holding that any items of the account could be proved as payment," but that the items in question could not be proven as a set-off. The defendant, M. H. Peine, excepted.

The court, to whom the cause was submitted by agreement, found for the plaintiff and entered judgment against both defendants. The defendant, M. H. Peine, appealed.

*Shelton & Crutcher,* for the appellant.

The evidence was rejected by the court upon the ground that there was not that mutuality which the law of set-off requires, and the court decided this on the cases of *Bullard* v. *Dorsey,* 7 S. & M. 13, 14, and *Moody* v. *Willis,* 41 Miss. 347, where the rule is stated in these words : " Where A sues B and C, and a debt due B alone from A is pleaded as a set-off, it will be rejected."

We do not question the correctness of the rule as there stated, but this rule, like all others, has exceptions, and we insist that an exception to the rule occurs in the case at bar, where the set-off pleaded is on open account due from plaintiff to the principal on the note, and that the court erred in refusing to hear testimony to show who was the principal and to sustain the three last items of the account. In neither of the cases, *supra,* was that question raised. For aught that appears the defendants were both principal debtors.

In Waterman on Set-off (2d ed.); §§ 259, 260, p. 292–295, it is said : ".In an action on a bond with a surety, the claim of the principal debtor may be set-off." This is stated as one of the exceptions to the rule relied on by the trial judge. In the same sections, the author refers to cases in one of which this language is used : " The set-off was allowed for the reason that the joint bond was that of principal and surety. When this came before the court on the master's report, Lord Eldon observed that the joint debt was nothing more than a security for a separate debt."

In another case referred to, *Mahurin* v. *Pearson,* 8 N. H. 539, this language is used : " The rule of equity is, that if the creditor have security, the surety, on payment by him, is entitled to be substituted and have the benefit of the security ; if, instead of having security, the creditor owes the principal a part of the amount, and the principal is willing to put in his set-off it is equally reasonable that the surety should have the benefit of the credit which the creditor has obtained from the principal. And, moreover, it will tend to prevent multiplicity of suits, for should the plaintiff collect his debt of the surety, the latter might have an action against the principal to recover the amount, and the principal will have a right

of action on the claim now offered in set-off." *Harrison* v. *Henderson*, 4 Ga. 198, holds the same doctrine.

This doctrine is not in conflict with our Statute of Set-off, Code of 1880, § 1551. The rule has grown out of the construction of the word "mutual" used in the statute. The exception is also in consonance with our statute as to principal and surety. Code, §§ 997, 998. Those sections recognize the fact that the debt is the debt alone of the principal, that it is his separate debt.

*A. M. Lea,* for the appellee.

The court properly rejected the proposed set-off, and in doing so followed the law as announced in *Bullard* v. *Dorsey,* 7 S. & M. 9, and *Moody* v. *Willis,* 41 Miss. 347. The authority of these decisions has not been questioned, but it is said that the rule should be relaxed because one of the defendants offered to show that he signed the note as surety. The note is declared on as a joint note, and there is nothing on the face of it to show the suretyship. The cases where the set-off has been allowed in favor of a surety seem to be in States where there are express statutes permitting it, or where the suretyship appeared upon the face of the record (4 Ga. 148), and the cases from Indiana, Virginia, and Ohio. See *Walker* v. *Leighton,* 11 Mass. 139 ; *Warren et al.* v. *Wells,* 1 Met. 80, and especially *Dart* v. *Sherwood,* 7 Wis. 523, as sustaining the action of the court below.

It is not perceived how the withdrawal of his plea by one of the joint debtors makes the separate set-off any more available.

CAMPBELL, J., delivered the opinion of the court.

The appellant's proposition is not maintainable.

*Affirmed.*