## JOHN W. WALKER *v.* J. G. HALL.

1. ACTION.   *Right of, when suit brought.*

    Where a plaintiff, who is the real owner of a note, which is, however, indorsed by only one of two payees therein, sues upon it in his own name alone, the suit will not be defeated upon the ground that a cause of action did not exist when the suit was brought. In such case there is a right of action in plaintiff, and merely a non-joinder of a necessary party.

2. NON-JOINDER.   *Code* 1880, § 1511.   *Amendment.*

    The defendant can only object in such a case for non-joinder, and this, under § 1511, code 1880, must be by written notice, filed with his plea, stating the name of the party omitted. Thereupon the plaintiff should be allowed to amend by joining the proper party.

3. AMENDMENT.   *Practice.*

    As the court, in a suit thus brought, if notice of non-joinder had been given, might have allowed plaintiff to amend, by joining as plaintiff for his use the payee who had not indorsed the note, the defendant is not harmed, and cannot complain, if the court allows such payee to indorse the note at the trial.

4. SET-OFF. *Mutuality.*

> In a suit by two joint payees in a promissory note against the maker, the latter cannot plead as a set-off a debt due him by one of the plaintiffs. In such a case there is a want of mutuality.

5. PLAINTIFF AS ASSIGNEE. *Mutuality of set-off.*

> And as the maker could not plead, by way of set-off, a claim in his favor against one of two joint payees, he cannot use the claim for such purpose against their assignee.

APPEAL from the circuit court of Carroll county.

HON. C. H. CAMPBELL, Judge.

Upon the trial of this cause defendant objected to the introduction of the note sued on as evidence, because it was payable to W. H. and W. P. West, and indorsed only by W. P. West. Thereupon the court permitted W. P. West to write the name of W. H. West, his wife, across the back of the note, and it was then read in evidence in behalf of the plaintiff, who was the owner and holder thereof.

The defendant filed, and relied on as a set-off, a claim by open account against W. P. West, one of the payees of the note.

*Somerville & Somerville,* for appellant.

It is familiar law, "known and recognized of all men," that the legal title to a note or due-bill payable to order can pass only by indorsement. Indorsement by one of two payees does not authorize the indorsee to sue in his own name. *Bennett* v. *McGaughy,* 3 How. 192.

Unless the plaintiff has the legal title, he cannot sue at law. The enforcement of equitable titles and interests belongs to another tribunal. *Eckford* v. *Hogan,* 44 Miss. 402 ; *Montague* v. *King,* 37 Miss. 443 ; *Field* v. *Weir,* 28 Miss. 67 ; *Dowell* v. *Brown,* 13 S. & M. 43 ; *Helm* v. *Gray,* 59 Miss. 54 ; *Leflore* v. *Miller,* 64 Miss. 206.

It is equally as well settled that the legal title must be in plaintiff at the beginning as well as at the termination of the suit. *Dowell* v. *Brown,* 13 S. & M. 43.

It follows that this suit was brought when plaintiff had not a cause of action. The action of the court in allowing W. P. West

to indorse the note for W. H. West was therefore erroneous. The evidence does not support his right to so indorse it. He is not shown to have been authorized by his wife, W. H. West, to sign her name in this manner, and indorse a note for her. Such authority, if relied on, must be affirmatively shown, and if shown, the indorsement at the trial was improperly allowed, as it conferred a new right on plaintiff not had at the time suit was brought.

*Yerger & Southworth,* for appellee.

Mrs. W. H. West was estopped to deny the authority of her husband to indorse the note for her, as she had gone with him to plaintiff and told him to indorse it, and this was done in her presence, and at her request, and delivered to plaintiff. It was upon this authority that the learned trial judge allowed W. P. West to indorse it at the trial. Appellant has no cause to complain, as all the accounts between W. P. West and Walker were considered by the jury, and the latter allowed a credit because of the set-off.

ARNOLD, C. J., delivered the opinion of the court.

The suit was brought by Hall as indorsee against Walker, the maker. The note or due-bill sued on was payable to W. P. and W. H. West. For value, it was indorsed by W. P. West, to Hall. W. H. West did not indorse, but she was present when the indorsement was made by W. P. West, and it was supposed that it was not necessary for her to sign as indorser.

The legal title to the instrument, after the indorsement of W. P. West, was in Hall and W. H. West. It is not disputed that Hall was the owner of the instrument, for value, at the time the suit was commenced. So that Hall had a right of action at the time the suit was brought, and the case is distinguishable from those which hold that a suit cannot be maintained when the cause of action does not exist at the time it is brought, but arises afterward.

Hall might have sued in his own name and in the name of W. H. West for his use. Instead of pursuing this course, he sued in his own name, and in doing so, there was simply the non-joinder of a proper and necessary party. Section 1511 of the code pro-

vides, that no objection for non-joinder shall be made at the trial, except in the manner therein specified, and that upon such objection being so made, the court or judge shall allow the declaration or writ to be amended by joining the party omitted, etc. Not having objected to the non-joinder, in the manner required by the code, appellant cannot complain on that account. Without such objection being made, the trial should have proceeded in the name of Hall, just as if there had been no non-joinder. *Stauffer* v. *Garrison,* 61 Miss. 67.

As the trial, under the circumstances, may have proceeded notwithstanding the non-joinder, and as the court might have allowed Hall to amend by adding the name of W. H. West as one of the plaintiffs for his use, Walker was not harmed by W. H. West being allowed to indorse the paper at the trial.

The errors assigned in regard to the account against W. P. West, filed by Walker as a set-off, need not be considered further than to say, that if error was committed with reference to it, it was error without injury. If the action had been brought by the payees W. P. and W. H. West against Walker, the indebtedness of one of them to him, could not have been pleaded as a set-off by Walker, against the joint demand, because there would have been want of mutuality. *Bullard* v. *Dorsey,* 7 S. & M. 9 ; *Moody* v. *Willis,* 41 Miss. 347.

And as Walker could not have used a claim in his favor against one of the payees, as a set-off, if the suit had been brought by them, he could not use such claim for such purpose against their assignee.

*Affirmed.*