### W. J. BRASHEARS v. R. B. JOHNSON.

[64 South. 722.]

BANKS AND BANKING. *Deposits. Application to debts. Firm debt.*
　　Where a partnership firm is indebted to an insolvent bank, an individual member of the firm cannot offset such debt by his individual deposits in such bank.

APPEAL from the chancery court of Bolivar county.
HON. M. E. DENTON, Chancellor.

Petition by W. J. Brashears against R. B. Johnson, as receiver, for a decree requiring the receiver to allow petitioner to set off his individual deposit against a firm

debt, due an insolvent bank. Petition dismissed and petitioner appeals.

The facts are fully stated in the opinion of the court.

*Fontaine Jones,* for appellant.

Appellant contends that the debts are mutual and can be set off as prayed for by appellant. On this point I cite Sec. 2683, Code of 1906, and cases annotated.

This statute abolishes all distinctions in remedies upon joint, and several obligations and liabilities, and makes them all joint and several. *Steen* v. *Finley,* 25 Miss. 535; *Eyrich* v. *Capital State Bank,* 67 Miss. 60.

In the argument in the court below, the case of *Moody* v. *Willis,* 41 Miss. 347, was relied on by appellee's counsel, but a close analysis of the decision will show that it is an authority for appellant.

In that case a decree of the chancery court, in favor of defendant Moody against plaintiff Willis and another person, was pleaded as an offset, to which plea a demurrer was filed, which demurrer was by the supreme court overruled, the court using this language:

"It is clear that under our system, there was perfect mutuality, as between Moody and this defendant, as to the matter stated in the plea of set-off. It was a several indebtedness of Willis to Moody, although there was another defendant bound to Moody also, by the decree. That another party also owed the same amount to Moody, does not destroy the several character of the indebtedness, or destroy the mutuality of indebtedness as between Willis and Moody."

As a broad rule a joint debt cannot be set-off against a separate debt, there must be mutuality. But this doctrine of mutuality is not permitted to work an injustice, and although the debts are not mutual, and the set-off one which a court of law would not allow, equity, disregarding the form, may allow a set-off not between the real parties in interest, and our joint and several statute strengthens this contention. 34 Cyc. 723, *et seq.*

R. B. Johnson, for appellee.

There is no controversy as to the facts in the case, that being settled as per agreement of counsel as shown in the record. The decree entered by the chancellor denied appellant's petition upon the ground that there was lack of mutuality of parties and lack of mutuality of accounts or demands.

To entitle the appellee to set-off, the parties must be mutual and the accounts or demands mutual. The bank in its dealings with the Gunnison Lumber Company dealt with W. I. Brashears and H. N. Alexanders as co-partners, and not with W. I. Brashears as an individual, and permitted the lumber company's account to be overdrawn, while W. I. Brashears, in his separate and distinct right had a credit with the bank as an individual depositor, wholly disconnected with the account of the firm of which he was a member. There is no mutuality of parties or mutuality of debts; the parties were not dealing together. 25 Am. & Eng. (2 Ed.), sec. 8; Moody v. Willis, 41 Miss. 347; Bullard v. Dorsey, 7 S. & M. 9.

Courts of equity, following the law, will not allow a set-off of a joint debt against a separate debt, or, conversely, of a separate debt against a joint debt; or, to state the proposition more generally, they will not allow a set-off of debts accruing in different rights. 2 Story's Eq. Jr., 1437.

Thompson on Corporations states the same rule in substance, and further, that in an action by the assignee of an insolvent corporation to recover a debt, the defendant is not entitled to set off a claim due from the corporation to a firm of which he is a member. I quote the Section in full: "In cases where a right of set-off against a corporation exists, the same rules govern as in ordinary actions; the most important of these rules is that the debt must be mutual. A joint debt cannot be set-off against a separate debt, and if the corporation sues a stranger he cannot set off a debt due to him from

a stockholder. The mutuality must be a mutuality not only of demand, but a mutuality of parties. Upon this principal in an action by the assignee of an insolvent corporation to recover a debt, the defendant is not entitled to set off a claim due from the corporation to a firm of which he is a member. Neither can a stockholder, by paying a debt of the corporation to a firm of which he is a member, extinguish his liability to other creditors of the corporation.'' 5 Thompson on Corporations (2 Ed.), sec. 5851.

The accounts of individuals, as such, and of a firm of which they are members, cannot be set off. Morse on Banking, sec. 338, p. 618; *Ritchie* v. *Moore*, 7 Am. Dec. 688.

Cook, J., delivered the opinion of the court.

Appellant filed the following petition in the chancery court of Bolivar county, viz.:

"The petitioner, W. I. Brashears, respectfully shows: That at the time of the failure of said Bank of Gunnison, and the appointment of the receiver therefor, petitioner had on deposit to his credit in said bank one thousand three hundred and thirty-one dollars and ten cents. That petitioner is a member of the firm styled 'Gunnison Lumber Company,' composed of petitioner and H. N. Alexander, as equal partner, and that said firm of Gunnison Lumber Company, at the time of such failure of said Bank of Gunnison, owed said bank the sum of one thousand eight hundred and fifty-five dollars and six cents, and that the said H. N. Alexander stands ready and willing, and individually, to pay his one-half of said debt to said Bank of Gunnison, as aforesaid. That petitioner and the said H. N. Alexander are each individually solvent, and that the said Gunnison Lumber Company is also solvent.

"Petitioner is advised that in law and in equity he is entitled to offset against the said debt to the Gunnison Lumber Company to said Bank of Gunnison so much of

his said individual debt or credit of one thousand three hundred and thirty-one dollars and ten cents as will equal his one-half of the debt of said Gunnison Lumber Company to said Bank of Gunnison.

"Wherefore he prays the decree of this honorable court authorizing and allowing the said receiver to make the offset above mentioned, upon payment in full by the said H. N. Alexander of his one-half of said debt of Gunnison Lumber Company; and petitioner further prays for such other and further general relief as to equity may seem meet, and as in duty bound he will ever pray," etc.

To this petition the following demurrer was interposed, viz.:

"Now comes R. B. Johnson, receiver of the Bank of Gunnison, and demurs to the petition of W. I. Brashears, filed herein, and for causes of demurrer alleges and avers:

"First. Because said petition shows that there is a lack of mutuality in the several accounts prayed to be set off one against the other.

"Second. Because the said petition is insufficient in law to entitle petitioner to the relief prayed for."

The demurrer was sustained, and petition dismissed; wherefore this appeal.

In *Peine* v. *Lewis,* 64 Miss. 96, 8 So. 207, Judge CAMPBELL, speaking for the court in a case involving the precise point presented by this record, used this language: "The appellant's proposition is not maintainable." The same question was before the court for the first time in *Bullard* v. *Dorsey,* 7 Smedes & M. 13, wherein judge SHARKEY rendered the opinion of the court, Judge CLAYTON dissenting, and again in *Moody* v. *Willis,* 41 Miss. 347. In *Peyton* v. *Planters' Compress,* 63 Miss. 410, it is shown that there is no lack of harmony in the decisions of this court upon this question. See, also, *Walker* v. *Hall,* 66 Miss. 390, 6 So. 318.

*Affirmed.*