12234

PEURIFOY, RECEIVER, v. HOMESEEKERS' REALTY COMPANY ET AL.

(138 S. E., 827)

BANKS AND BANKING—BANK RECEIVER'S COMPLAINT ALLEGING BANK EXAMINER HAD WRONGFULLY ACCEPTED CERTIFICATE OF DEPOSIT IN PART PAYMENT OF NOTE AND PRAYING JUDGMENT HELD SUFFICIENT. —Complaint in action by bank receiver alleging that Bank Examiner, while in charge of bank, without authority, accepted certificate of deposit in name of wife of maker of note in part payment

of note due bank, thereby giving an unlawful preference, and praying judgment for balance due on note equivalent to amount of such certificate, *held* sufficient as against demurrer.

Before TOWNSEND, J., Richland, December, 1926.    Affirmed.

Action by James E. Peurifoy, receiver of the American Bank & Trust Company, against the Homeseekers' Realty Company and others.    From judgment overruling demurrer to complaint, defendants appeal.

*Mr. Jos. L. Nettles,* for Appellants.

*Messrs. D. W. Robinson and D. W. Robinson, Jr.,* for Respondent.

July 8, 1927.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This is an action by the receiver of the American Bank & Trust Company against the defendants Homeseekers' Realty Company, J. W. Young, E. K. De Loach, and John Hughes Cooper, commenced in November, 1926, in the Court of Common Pleas for Richland County.   The defendant, E. K. De Loach, on whom service was obtained November 29, 1926, demurred to the complaint, and on a hearing of the demurrer before his Honor, W. H. Townsend, Circuit Judge, an order was issued by Judge Townsend, December 21, 1926, overruling the demurrer, giving the defendant E. K. De Loach ten days within which to answer the complaint.   The matter now comes before this Court on appeal from said order.

The facts alleged in plaintiff's complaint pertinent to the appeal are as follows:   The defendant Homeseekers' Realty Company made and executed its promissory note, for value, in the sum of $10,000, which note was duly indorsed by the other defendants, and thereafter duly delivered to the said American Bank & Trust Company for value.   When the note matured, the same was duly presented for payment and

protest and notice of nonpayment duly given; that said note, not having been paid subsequently thereto, while the said bank was in the hands of W. W. Bradley, State Bank Examiner, the defendant Homeseekers' Realty Company, or some other one of the defendants, paid to W. W. Bradley, State Bank Examiner, the sum of $5,937.89, and the said W. W. Bradley, State Bank Examiner, accepted said payment, "together with a certificate of deposit in said American Bank & Trust Company in the name of Annie May De Loach for $4,064, in payment of said note, and delivered and surrendered said note to some one or all of the defendants." The plaintiff further alleges that this act on the part of W. W. Bradley was without authority, illegal, null, and void, and "that the allowance of said credit was in effect a preference given by said State Bank Examiner at a time when said bank was insolvent, to the injury, detriment, and defrauding of the general creditors and depositors of said bank, and was illegal, null, and void." The plaintiff alleges further that there is still due and owing to the plaintiff by the defendants the said sum of $4,064, with interest, etc.

The defendant De Loach in his demurrer takes the position that the allegations of the complaint do not state facts sufficient to constitute a cause of action, and contends that the allegations of the complaint show that the plaintiff has no cause of action, and in his exceptions alleges that the Circuit Judge erred in not sustaining the grounds of his demurrer.

It is the opinion of this Court that the Circuit Judge committed no error in overruling the demurrer. The order of his Honor is amply supported by the decisions of this Court. See the following cases: *McColl v. Cottingham,* 124 S. C., 380; 117 S. E., 415. *Livingstain v. Bank,* 77 S. C., 305; 57 S. E., 182; 22 L. R. A. (N. S.), 442; 122 Am. St. Rep., 568. *Citizens' Bank v. Bradley,* 136 S. C., 514; 134 S. E., 510. *Law v. Bank,* 123 S. C., 7; 115 S. E., 812.

The exceptions of appellant are overruled and it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE STABLER concur.

MR. JUSTICE BLEASE disqualified.

MR. JUSTICE COTHRAN (dissenting) : I do not think that there can be a question as to the proposition that, if the defendant De Loach attempted, and was allowed by the bank examiner, to offset a certificate of deposit owned at the time by his wife, against his $10,000 note, the transaction should not be approved. The existence of his right of set-off would depend upon the validity of his claim as a counterclaim, which could not appear if the certificate of deposit, at the time, belonged to another. Section 411, Code of C. P.

I think that it is equally clear that, if the certificate of deposit, issued to Mrs. De Loach, had been assigned by her to Mr. De Loach, at the time of the execution of the note or later, and that he was the owner of it at the time the offset was allowed by the bank examiner, or if it had been indorsed in blank by her, and pledged by Mr. De Loach as collateral security to the note, the action of the bank examiner should be approved.

These matters are left in doubt by the complaint; all that is alleged in this connection is that the bank examiner accepted in part payment of the note "a certificate of deposit in said American Bank & Trust Company, in the name of Annie May De Loach," a fact entirely consistent with the fact that Mr. De Loach had become the owner of it, or that, with Mrs. De Loach's consent, it had been deposited as collateral security to the note.

In view of the fact that the transaction was consummated by the bank examiner, an officer of the state, vested at the time with the "sole possession and control of the property and business of such corporation" (see *Law v. Bank,* 123 S. C., 1; 115 S. E., 812, in which the Court held that his powers were more than those of the ordinary custodian of property, and that it was within his province to determine

"what of its regular dealings or transactions could be carried on during the period in which he was in control"), the Court should not, in the absence of specific allegations, indulge in any presumption or implication that he had transcended his authority; the presumption should be the other way, under the maxim, *"Omnia presumuntur,"* etc.

I think, therefore, that the demurrer should have been sustained, with leave to amend.