#### BANK OF ANDERSON v. ALLEN *ET AL.*

(148 S. E., 646)

1. BANKS AND BANKING—RIGHT TO SET-OFF AGAINST INSOLVENT BANK IS GOVERNED BY FACTS EXISTING AT TIME OF INSOLVENCY.— Generally, the right to set-off against insolvent bank has to be governed by state of facts existing at the time of insolvency and not by the conditions that might be created afterwards.

2. BANKS AND BANKING—DEBTOR OF INSOLVENT BANK CANNOT SET OFF CLAIM FOR DEPOSIT ASSIGNED TO HIM AFTER BANK'S INSOLVENCY.—A debtor of an insolvent bank will not be permitted to set off against his debt a claim for deposit assigned to him after insolvency of bank.

3. BANKS AND BANKING—ASSIGNMENT OF INTEREST IN PARTNERSHIP DEPOSIT AFTER BANK'S INSOLVENCY DID NOT GIVE ASSIGNEE RIGHT OF SET-OFF AGAINST INDIVIDUAL DEBT.—Assignment of interest in partnership deposit to partner indebted to bank, made after bank's insolvency, did not give to assignee the right of set-off against his individual debt for the interest so assigned to him.

4. BANKS AND BANKING—PARTNER HELD NOT ENTITLED TO SET OFF INTEREST IN PARTNERSHIP DEPOSIT IN INSOLVENT BANK AGAINST INDIVIDUAL INDEBTEDNESS.—Owner of interest in partnership deposit at time of bank's insolvency *held* not entitled to set off, to extent of his interest in deposit against his individual indebtedness, the partnership assets, including deposit; being subject to partnership obligations with right in partner to accounting for interest only after payment of all obligations.

Before GRIMBALL, J., Anderson, December, 1926. Reversed with directions.

Action by the Bank of Anderson against E. C. Allen and another, wherein defendant named counterclaimed. Judgment for defendant named on his counterclaim, and plaintiff appeals.

The exceptions directed to be reported are as follows:

I. Error in the Court in overruling plaintiff's demurrer to the counterclaim set up in defendant's answer, and in holding valid defendant's counterclaim or set-off, the sole ownership of said counterclaim having been acquired by defendant after plaintiff bank had become insolvent and was liquidating its affairs by order of Court under the sole supervision and control of the state bank examiner.

II. Error in the Court in overruling plaintiff's demurrer, and in not holding that the deposit of Allen & Scarborough acquired by defendant after the insolvency of plaintiff bank, and while the said bank was being liquidated under the order of Court under the sole supervision and control of the state bank examiner, was not a valid counterclaim to defendant's liability on his promissory note.

*Mr. Kurtz P. Smith,* for appellant, cites: *Claims purchased by a debtor from an insolvent, after the act or fact of insolvency can not be used as a counterclaim to his in-*

*debtedness to the insolvent estate:* 140 S. C., 253; 3 Mc-
Cord, 249; Harper's Law, 109; 2 Brevard, 266; 7 C. J.,
746; 294 Fed., 847; 25 L. R. A. (N. S.), 393; 144 Ga.,
78; 21 L. R. A., 280. *After bank placed in liquidation no
longer a going concern:* 60 S. C., 183; 133 S. C., 455. *As-
sets of insolvent corporation must be distributed ratably
among all creditors:* 77 S. C., 310; 167 U. S., 344; 146
U. S., 499; 136 S. C., 514-15; 133 S. C., 446; Secs. 4282,
4286, Code; 295 Fed., 847.

*Messrs. Wolfe & Miller,* for respondent, cite: *"Counter-
claim":* Sec. 411, Code Proc.; 30 S. C., 126; Id., 617; 134
S. E., 514; Pom. Code Rem. (4th Ed.), 930, Par. 797; 124
S. C., 380; 49 Fed., 337; 42 Hun. (N. Y.), 72.

June 5, 1928.

The opinion of the Court was delivered by MR. JUSTICE
CARTER.

This action, by the Bank of Anderson as plaintiff against
the defendants, E. C. Allen and M. S. Nimmons, was com-
menced in the Court of Common Pleas of Anderson County
by service of summons and complaint September 27, 1926,
and is an action on a promissory note alleged to have been
executed and delivered by the defendant Allen to the plaintiff
in the sum of $150, dated August 5, 1925, payable 90 days
after the date of execution, together with interest after ma-
turity at the rate of 8 per cent. per annum, payable annually,
demanding judgment for the full amount of the note, to-
gether with interest and 10 per cent. attorney's fees. What
connection the defendant Nimmons had with the case is not
disclosed, but, according to statement contained in the rec-
ord, he is not before the Court.

The defendant Allen, in his answer, set up a special de-
fense, and alleged:

That he "holds a deposit in said bank in the name of
Allen & Scarborough to the amount of $142.35; that prior
to the commencement of this action, B. P. Scarborough

assigned and set over to the said principal, E. C. Allen, one of the defendants herein, his interest in said deposit, and that said defendant Allen is now, and was at the time of the commencement of this action, sole and individual owner of said deposit, and to the extent of said deposit in said Bank of Anderson, the plaintiff herein, he counterclaims and sets off against the amount of the alleged note, and prays judgment in the sum of $142.35."

This is the only portion of the answer printed in the transcript of record.

The plaintiff demurred and moved to strike out defendant's answer on the ground and for the reason that the answer, "upon its face, does not constitute a valid counterclaim of defense."

The matter was heard by his Honor, Judge William H. Grimball, who sustained plaintiff's demurrer as to the first two defenses set up in defendant's answer. What these defenses were the transcript of record does not disclose, but his Honor overruled the demurrer as to defendant's third defense (which is quoted above and referred to in the transcript as a special defense), and allowed judgment for the plaintiff against the defendant Allen for the sum of $40.31, the difference between the amount owing by defendant on his note, less the amount of his counterclaim. From this order of his Honor, Judge Grimball, the plaintiff has appealed to this Court, imputing error to his Honor, Judge Grimball, as alleged in the exceptions, which will be incorporated in the report of the case.

The only point raised by appellant's exceptions is whether the defendant is entitled to a credit or set-off against his note for the amount of deposit in question which the circuit Judge allowed. There is no dispute between the parties as to the facts in the case. The note in question was executed and delivered to the plaintiff by the defendant Allen, containing the terms and conditions above set forth, and the plaintiff is the owner and holder of the note. Before the

commencement of this action (the exact date does not appear in the record) the plaintiff, the Bank of Anderson, becoming insolvent, by order of the Court "began liquidating its affairs under the sole supervision and control of the bank examiner and subject to the orders of the Court, the directors acting as liquidating agents." It is also admitted that, at the time the bank became insolvent and was taken over by the Bank Examiner as aforesaid, the defendant E. C. Allen and B. P. Scarborough, as copartners under the name of Allen & Scarborough, had a deposit in the said bank in the sum of $142.35, and that prior to the commencement of this action the said B. P. Scarborough assigned and set over to the defendant E. C. Allen his interest in the said deposit, so that, when action was commenced, the defendant Allen was sole owner of the deposit in question.

Was his Honor, the Circuit Judge, right in the conclusion reached in holding that the defendant Allen was entitled to a credit or set-off on his note for the amount of the deposit in question and in ordering judgment for the plaintiff for the difference between the amount owing on the note and the amount of the deposit?

It is the general rule that the right to set-off against an insolvent bank has to be governed by the state of facts existing at the time of insolvency and not by the conditions that might be created afterwards. Therefore a debtor of an insolvent bank will not be permitted to set-off against his debt a claim assigned to him after the insolvency of the bank. In the light of this salutary rule, the assignment to the defendant Allen by Scarborough of the interest of Scarborough in the deposit in question did not give to Allen the right of a set-off against his note for the interest so assigned to him. In support of the view herein expressed we call attention to the following authorities: *Sheppard v. Turner,* 3 McCord (S. C.), 249; 15 Am. Dec., 631. *Happoldt v. Jones,* Harp., 109; 7 C. J., 746. *Peurifoy*

*v. Realty Co.,* 140 S. C., 256; 138 S. E., 827. *McColl v. Cottingham,* 124 S. C., 380; 117 S. E., 415.

But the respondent contends that, even if he is not entitled to a set-off for the whole amount of the partnership deposit in question, he is at least entitled to a set-off to the extent of one-half of the amount of the deposit for the reason that it is admitted that he owned a one-half interest in the same at the time the bank became insolvent. We do not agree with this contention. Even though the defendant Allen owned a one-half interest in the partnership deposit at the time the bank became insolvent, all of the partnership assets, including the whole of the deposit in question, were subject to the partnership obligations, and the defendant Allen was only entitled to an accounting for his interest after the payment of all partnership obligations. Such an interest cannot be set up as a counterclaim against an insolvent bank in a suit by such bank on a note given by the defendant as in the case at bar. "Such a right of set-off only exists between the same parties and *in the same right."* (Italics supplied.)
See case of *Adams v. Bank,* 113 N. C., 332; 18 S. E., 513; 23 L. R. A., 111, and Moss on Banking, 334.

In the case of *Raymond v. Palmer,* 41 La. Ann., 425; 6 So., 692; 17 Am. St. Rep., 398, in dealing with a question similar to the question raised in the case at bar, the Court refused to set-off, stating:

"* * * The lien and the right of set-off exist only where the individual who is both depositor and debtor stands in both these characters alike in precisely the same relation and on precisely the same footing towards the bank. That is to say, for instance, the bank can claim no lien on the deposit of a partner made on his separate account, in order to set-off the same against a debt owing them from the firm. * * *"

Under the same reasoning, Allen, the individual debtor of the bank, could not set off his interest in a partnership

deposit as against his debt to the bank. Also, in the case of *Cannon v. Lindsey,* 85 Ala., 201; 3 So., 678, 7 Am. St. Rep., 38, in discussing the question, the Court used the following language:

"* * * Where a suit is brought on a partnership demand, whether in the name of the partnership or their assignee, the defendant cannot set off against the partnership demand an individual debt due to him from one of the partners. There is not only a want of mutuality between the two demands, but the effect of allowing such a set-off would be an indirect appropriation of partnership assets to the payment of the private debt of one of the individual partners."

It is therefore seen that the bank, having sued the defendant Allen upon his note, Allen is not entitled to a set-off on account of the interest he has in the partnership deposit, applying the rule in the reverse order.

In the case of *Kenedy v. Cunningham,* Cheves, 50, the Court lays down the rule that the debts to be set off "should be mutual and due in the same right."

In the case of *Brashears v. Johnson,* 106 Miss., 739; 64 So., 722, quoting the reporter's language, the rule is stated thus:

"A member of a firm which was indebted to an insolvent bank is not entitled to set off against his share of the firm debt the amount of his individual deposit in the bank."

Stating the proposition adversely, for the same reason, the defendant Allen, as a member of the partnership of Allen & Scarborough, indebted to the bank individually, is not entitled to a set-off against the claim of the bank his interest which he owns in the partnership deposit.

In 34 Cyc., 736, the rule is stated in the following language:

"In an action against one partner for a debt by him, a debt due to his firm cannot be set off"—citing the following cases: *Jones v. Blair,* 57 Ala., 457. *Coal Co. v. Hollenbeck,* 72 Ark., 44; 80 S. W., 145. *Doyle v. Nesping,* 37

Colo., 522; 88 P., 852. *Bishop v. Matthews,* 107 Ga., 790; 35 S. E., 161. *Dennison v. Bayor* (Ill.) 47 N. E., 770. *Garvey v. Crouch,* 10 Ky. Law Rep., 937. *Stevens v. Lunt,* 19 Me., 70. *Howe v. Snow,* 3 Allen (Mass.), 111. *Weil v. Jones,* 70 Mo., 550. *Lamb v. Brolaski,* 38 Mo., 51. *State v. Allen* (Mo.), 103 S. W., 1090. *Olson v. Lamb* (Neb.), 56 Neb., 104; 76 N. W., 433; 71 Am. St. Rep., 670. *Wrenshall v. Cook,* 7 Watts (Pa), 464. *Kamsler v. Savage* (Tenn. Ch. App.), 62 S. W., 357. *Porter v. Nekervis,* 4 Rand (Va.), 359. *Toplis v. Grane* (Eng.), 35 E. C. L., 341.

In the case of *Fralick v. Bank,* 35 Idaho, 749; 208 P., 835; 27 A. L. R., 110, quoting the syllabus of the case, the rule is stated in the following language:

"A partnership deposit in a bank cannot be set off by the partners individually against their individual debts to the bank, upon the insolvency of the bank."

According to our view, the legal rules forbid the allowance of the set-off asked for by the defendant, and we do not regard the case as one in which equity should intervene and allow the set-off. The rights of all other creditors of the insolvent bank must be protected, as well as the rights of the defendant Allen who owns an interest in a partnership deposit. For a full statement of the rule in which equity will allow set-offs, see authorities cited in the case of *Carwile v. Insurance Co.,* 136 S. C., 111; 134 S. E., 275.

The exceptions are therefore sustained, and it is the judgment of this Court that the judgment of the Circuit Court be reversed; the demurrer to the answer sustained, and that judgment be entered up against the defendant in favor of the plaintiff.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER concur.