[No. 2757. Decided March 31, 1898.]

B. L. GORDON *et al.*, *Appellants*, v. KATE DECKER *et
al.*, *Appellants*.

MORTGAGES — ATTORNEYS' FEES — ASSIGNMENT OF NOTE AND MORT-
GAGE AFTER MATURITY — EQUITIES.

Where an attorney's fee is provided for in terms in a note or
mortgage the same must be allowed by the court regardless of
its reasonableness, if the instrument was executed prior to the
taking effect of the law permitting the court to fix such amount as
it may deem reasonable. (Laws 1895, p. 81, Bal. Code, § 5166.)

Where a note is bought after maturity, the purchaser takes it
subject to all the equities that existed between the original par-
ties to its execution, and the fact that the maker has seen fit to

place a demand arising out of the transaction in the shape of a judgment, will not estop him from pleading his equities against a purchaser of the note after maturity.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Modified.

*Kennan & Belden,* for plaintiffs.

*Samuel R. Stern,* for defendants:

A total failure of title is a total failure of consideration. The obligation of a purchase money mortgage is not made for a covenant of the mortgagee, but for the land; and if the land fails to pass, the promise of the mortgagor is a mere *nudum pactum.* 2 Jones, Mortgages (5th ed.), § 1504; *Wilber v. Buchanan,* 85 Ind. 46; *Rice v. Goddard,* 14 Pick. 293; *Frisbee v. Hoffnagle,* 11 Johns. 50; *Tyler v. Young,* 35 Am. Dec. 116; *Gans v. Renshaw,* 44 Am. Dec. 152. A mortgagor may set off the value of the land to which title has failed. *Smith v. Newton,* 38 Ill. 230; *Couse v. Boyles,* 4 N. J. Eq. 212 (38 Am. Dec. 514); *Akerly v. Vilas,* 21 Wis. 110 (1 Am. Rep. 166); *Hall v. Gale,* 14 Wis. 54; *Walker v. Wilson,* 13 Wis. 522.

"Where the contract is executed by deed, with covenants of general warranty of title, the rule undoubtedly is that the measure of damages for failure of title in the absence of fraud, is limited to the purchase money and interest, or, in other words, to the price of the land, at the date of the deed. . . . Interest is added to the amount of the consideration, unless the land is improved, and the purchaser has been in possession." *Tyson v. Eyrick,* 21 Atl. 636 (23 Am. St. Rep. 287); *Comegys v. Davidson,* 26 Atl. 618; *Potwin v. Blasher,* 9 Wash. 460; *Hunt v. Chapman,* 51 N. Y. 555; *Isham v. Davidson,* 52 N. Y. 237; 2 Jones, Mortgages (5th ed.), § 1506.

The opinion of the court was delivered by

DUNBAR, J.—On the 17th day of November, 1890, the defendants Kate Decker and Henry Decker executed and delivered to one August Schulze two promissory notes of even date therewith, .one for the sum of $1,500 and the other for the sum of $2,500, bearing interest at the rate of ten per cent. per annum from date, as consideration for the real estate then purchased by them of said Schulze, and a mortgage was given on said real estate for the security of the above described notes.  It is conceded that the $1,500 note has been paid and is therefore not for consideration in this case.  According to the findings of the court (and we will say here that we have examined the record and think that the findings of fact found by the court are sustained by the testimony, and we will therefore consider the case from the standpoint of the court's findings, as far as they go), on the 4th day of December, 1891, $1,925 was paid on the $2,500 note, and at that time it was discovered that the title of the portion of real estate which had been sold to the mortgagors had failed and that the said Schulze had not made, and could not make, a good and sufficient title thereto to the said defendants, and thereupon Schulze and one Kingman, who was then interested with said Schulze in said mortgage and unpaid note, made, executed and delivered to the defendant Kate Decker an agreement in writing whereby it was agreed that until such time as one L. C. Dillman should make, execute and deliver to the defendant Kate Decker a warranty deed for that certain described strip of real estate, $700 of said note should not be paid;  and at the time of executing said agreement it was understood by the parties thereto that the title to said strip of real estate was in the said Dillman.  The court finds that no warranty deed to said strip of land was ever executed or tendered to the defendants or eith-

er of them by said Dillman or by any one else; that after
maturity of said unpaid note the said Schulze and King-
man assigned and delivered the same to one O. D. Dahl,
who took the same with knowledge of said failure of title
of said strip of land and the postponement of the payment
of said $700; that after the maturity of the said note the
said Dahl transferred and delivered said unpaid note to
the plaintiffs as collateral security for a debt owing by him
to them and that they then took said note with knowledge
of the failure of the title to said described strip of land and
with knowledge of the postponement of the payment of the
said $700; that afterwards the defendant Kate Decker
duly recovered a judgment in the superior court of Spokane
county against August Schulze for the sum of $700 dam-
ages and $69 costs, which judgment was to draw interest at
the rate of ten per cent. per annum as damages for the
breach of warranty of title to said described strip of land
heretofore referred to in the findings; and that no appeal
has been taken from said judgment and that the time for ap-
peal therefrom has expired.

The conclusion of law was that the plaintiffs were enti-
tled to judgment against the defendants in the sum of
$2,500, and interest thereon at the rate of ten per cent. per
annum from the 17th day of November, 1890, less the
sum of $1,925 paid on said note on the 4th day of December,
1891, and also less the sum of $700, which should be cred-
ited upon said note as of the 25th day of September, 1895,
and in accordance with the calculation made judgment
was entered in favor of the plaintiffs for the sum of $599.48
and costs, which $599.48 includes, if we understand the
record, $50 allowed by the court as a reasonable attorney's
fee. Both parties to the record appealed from this judg-
ment. It is contended on the part of the appellants Gor-
don and Holt that they were in no way responsible for the

amount involved in the judgment against Schulze, that the defendants had elected to hold Schulze responsible for the damages and that they were thereby estopped from charging the plaintiffs with any set-off or counter-claim which they had against Schulze. They also allege error of the court in not awarding them $300 attorney's fee as provided in the mortgage, while the defendants (appellants) allege error on the part of the court in that instead of computing interest in their favor on the $700 from the time of the settlement when the time was extended and the payment of $1,925 was made, the court allowed them interest only from the time that judgment was rendered for the $700 against Schulze. On the proposition of the attorney's fee this court has held in *Scholey v. De Mattos*, 18 Wash. 504, and in many prior cases, that where an attorney's fee is provided for in terms in a note or mortgage the same must be allowed by the court regardless of its reasonableness, and we think, therefore, the court erred in not allowing the plaintiff an attorney's fee of $300. We think, however, that on the main proposition the plaintiffs' contention cannot be sustained. It is the well settled law that where a note is bought after maturity the purchaser takes it subject to all the equities that existed between the original parties to its execution, whether it is taken with or without notice of the existing equities, and in this case the court found that the note and mortgage were taken with notice. Nor can the defendants be estopped from pleading that equity in this case because they saw fit to place their demand in the shape of a judgment. The assignee cannot be allowed to intrude himself between the original parties to the note and destroy any equity which the maker of the note had, or any defense which he had to it before it matured. We think, therefore, that the court properly found that the $700 should be deducted from the amount due on the judgment. But we think the court

erred not only in not allowing interest on the $700 from the time the agreement was made, but also in not allowing it on the $700 from the time the notes were executed, for if the damages were that much by reason of the title failing the defendants should not be called upon to pay interest on this amount at all. Subtracting, then, the $700 from $2,500, we have $1,800 upon which the interest at ten per cent. should be computed up to January 4, 1892, the date of the payment of $1,925. The interest up to that date in round numbers is $202, making $2,002 due. Subtracting the payment, $1,925, from that amount, we have $77 balance due on the mortgage January 4, 1892. This amount would bear interest at ten per cent. to the date of the trial, January 21, 1897, which, in round numbers, would be $39, making $116. But the defendants in this action would also be entitled to credit for the costs of $69.60 awarded to them in the judgment for $700, with interest on the same at seven per cent. from the date of the judgment, viz.: September 25, 1895, to the date of the present judgment, March 2, 1897, which in round numbers amounts to $76. Deducting $76 from $116, and adding the difference to $300, which should be allowed as attorney's fee, we find the amount which was properly due plaintiffs to be $340 instead of $599.48, which was the amount awarded them by the court.

The cause will therefore be reversed, with instructions to modify the judgment as above indicated. The appellants Decker and Decker will recover the costs of this appeal.

ANDERS, GORDON and REAVIS, JJ., concur.