McDonald vs. Provident Savings Life Assurance Society.

BARDEEN, J., took no part.

McDONALD, Respondent, vs. PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY, Appellant.

*November 1— November 16, 1900.*

*Promissory note as payment: Evidence of express contract: Court and jury: Life insurance.*

1. An express contract that a note given for a debt of the maker should operate as a payment may be established in whole or in part by circumstantial evidence, but mere circumstances that point one way as reasonably and significantly as the other are insufficient for that purpose, and in the absence of other evidence the question should not be submitted to the jury but should be determined by the court, as matter of law, against the party asserting such contract, upon whom was the burden of proof.

2. Upon the evidence in an action upon a life insurance policy — showing, among other things, that the application for insurance was accompanied by a note of the applicant payable ten days after date for the amount of the first premium, a memorandum being indorsed on the note to the effect that it was to be returned if the application was not accepted; that the note was taken, as the agent

expressed it, to "tie up" the applicant; that both application and policy provided that the insurance should not become binding until actual payment of the first premium; that the policy, with the customary receipt for the first premium, was sent to the agent, who had authority to waive said provision of the policy, and he tendered them to the applicant and demanded payment of the note; that an excuse for nonpayment being given, the agent left the policy with the applicant, but retained the note and the receipt, and afterwards left the note with a bank for collection and directed it to deliver the receipt on payment being made; that thereafter, at the request of the applicant, the time for payment of the note was extended, but the extension was made as an extension of the time for payment of the premium; and that the applicant died without paying the note — it is *held* that there was an entire failure to prove any agreement that the note should be taken in payment of the premium, and that a verdict for defendant should have been directed.

APPEAL from a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

Action to recover on an insurance policy. One Harris, a general agent of the defendant insurance society, took Donald McDonald's application for life insurance therein for $5,000, the application being accompanied by the applicant's note for $315.25, the amount of the first premium, payable ten days after the date thereof to the order of the assurer. On the margin of the note were these words: "To be returned if not accepted by P. S. L." The application contained this provision: "The assurance hereby applied for shall not become binding upon the society until the first premium due thereon has been actually received by said society or its authorized agent during my lifetime and good health." The application also contained an interrogatory indicating that by actual payment of the first premium at the time of making the application the insurance would take effect from that time in event of the risk being accepted. This is the interrogatory: "What cash instalment has been paid to make the assurance herein applied for binding from this date, providing the risk is assumed by the Society?"

For an answer there were underwritten the letters "C. O. D." The risk was accepted and the policy was issued accordingly and sent to the agent, Harris, for delivery to McDonald, with a voucher to be also delivered to him on his paying the first premium. Harris, within a few days after receiving the policy and voucher, tendered them to McDonald and demanded payment of the note. The note was not paid, McDonald excusing nonpayment by saying that his wife was not yet satisfied with his taking the insurance. Harris left the policy with McDonald, keeping the note for collection, and the voucher. He thereafter deposited the note in the First National Bank of Wausau for collection, and delivered the voucher to the bank for McDonald in the event of his paying the note. Thereafter, at McDonald's request the time for paying the note was extended to November 15, 1898. On the 23d day of November, 1898, McDonald died. The note had not been paid. The assurance society had no knowledge of the existence of the note. After the death of the assured the society discovered the existence of the note and caused it to be tendered to plaintiff, the beneficiary under the policy, and a demand to be made upon her for a return of such policy, which demand was refused. All the conditions precedent to a recovery on the policy were performed, if it was in force at the time of McDonald's death, and this action was commenced to enforce payment. It was pleaded as a defense, among other things, that the first premium on the policy was not paid or payment thereof waived, and that the policy never went into effect.

The facts above detailed were established on the trial. There was evidence by Harris, and other evidence, tending to show that the policy was delivered to McDonald merely for his examination. The court refused to allow any explanation of the memorandum on the note except as to the meaning of the letters "P. S. L." and that they stood for the name of the assurance society. Harris explained the

circumstance of his taking the note by saying that he wanted "to tie McDonald up." At the close of the evidence defendant's counsel moved the court to direct a verdict in its favor, which was denied, due exception being taken thereto.

The jury rendered a special verdict in substance as follows: The policy was manually delivered by Harris to McDonald November 3, 1898. Such delivery was made with the understanding that the policy should from that time stand as a completed insurance contract. The note was accepted as a payment of the first premium. Harris, on behalf of the society, waived the terms of the policy providing that it should not go into effect until payment of the first premium.

A motion to set aside the verdict and for a new trial was denied, and the ruling duly excepted to. Judgment was entered on the verdict.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

For the respondent there was a brief by *Bump, Kreutzer & Rosenberry,* and oral argument by *M. B. Rosenberry.*

MARSHALL, J. Several assignments of error which are discussed at considerable length in the briefs of counsel do not need attention because of the conclusions we have reached on the main question in the case, that is, whether the note was taken in payment of the first premium upon the policy. We shall discuss that question, assuming for the purpose of it that the policy was delivered to McDonald to be retained by him.

It is conceded that Harris was a general agent of the society, not a mere local agent, and as such had authority, at the time of the delivery of the policy, to bind his principal by an agreement waiving the provision of the policy calling for actual payment of the first premium thereon as a condi-

tion precedent to its going into effect; so we need not take
time to discuss any question in that regard. The authorities
are in substantial harmony in respect to the subject. Joyce,
Ins. § 77, and notes. It is also conceded that the condition
of the policy, as to its not going into effect in advance of
actual payment of the first premium, is fatal to plaintiff's
right to recover unless it was waived by the assurer through
its agent, Harris, and that whether there was such a waiver
depends on whether McDonald and Harris expressly agreed
that the former's note, given with his application for the
insurance, should operate as such payment. The trial court
rightly so held, though several dependent questions were
submitted to the jury for decision in addition to one cover-
ing the vital point in the case. The jury found in plaintiff's
favor on such point, also that down payment of the first
premium was waived. That is, they said the note was taken
by the society as a down payment of the first premium, and
that such payment was waived. The literal sense of the
language used in the two findings is conflicting; but it is
reasonable to suppose that the jury intended to say that pay-
ment of the first premium in money was waived and that
the note was taken in lieu thereof. We so interpret the
verdict.

It follows that a negative answer to this simple question
requires a reversal of the judgment appealed from: Was
there any credible evidence tending to show that it was ex-
pressly agreed between McDonald and Harris that the for-
mer's note should be considered as an actual payment of the
first premium upon the policy? It has sometimes been said
in legal actions that where there is any evidence to establish
the existence of a fact and there is also evidence to the con-
trary, a question is presented for solution by a jury, and that
their determination, affirmed by the trial court by a refusal
to set aside the verdict and grant a new trial, cannot be dis-
turbed on appeal. That is misleading as the language is

often understood. Evidence does not tend to establish a fact in a legal sense unless it reasonably points to the probable existence thereof, and so as to produce conviction, to a reasonable certainty, in the mind of a person of common sense, that it does exist. Facts can properly be determined by a jury only by applying human reason and common sense to evidence. Every such determination should be based on reasonable probabilities established by evidence, not on mere possibilities or conjectures. *O'Brien v. C., St. P., M. & O. R. Co.* 102 Wis. 628.

In considering this case there must be kept prominently in mind the settled rule that the taking of a note for the debt of the maker, whether such debt be created at the time of such taking or prior thereto, *prima facie* makes the note only evidence of the indebtedness, and that such rule must prevail in the absence of evidence establishing an express contract making the note a payment of the debt. *Aultman & Co. v. Jett*, 42 Wis. 488. There must also be kept prominently in mind the rule that an express contract is one where the parties to it state in writing or verbally the terms thereof. 1 Parsons, Contracts (8th ed.), 7, note 1. Such a contract can only be established by evidence sufficient to produce conviction, to a reasonable certainty, that the terms of it were stated between the parties and agreed upon,— not conviction in the mind of a reviewing court, but in the mind of any person exercising common sense to discover the truth from the evidence.

Applying the rules indicated, we have been unable to discover in the record any evidence to support the finding of the jury that an express contract as to the taking of the note in payment of the first premium upon the policy was made. There was not a word of evidence from the mouth of any witness to that effect, nor any circumstance that is not just as consistent with the view that the note was taken as mere evidence of indebtedness, as with the view that it

was taken as payment of the premium. The burden of proof to establish the claim that the note was received as a payment of the premium was on plaintiff, and, while an express contract may be established in whole or in part by circumstantial evidence (*Leitgabel v. Belt, ante,* p. 107), mere circumstances that point one way as reasonably and significantly as the other are insufficient for that purpose. In such a situation the controversy should not be submitted to the jury. It involves a question calling for the exercise of the judicial function to declare the right as a matter of law. But if the question is submitted to a jury and they be permitted to guess or conjecture as to where the truth lies, if the result is contrary to the legal conclusion which the court should declare, it ought not to be allowed to stand as a correct determination of the rights of the parties. *Hyer v. Janesville,* 101 Wis. 371; *Cawley v. La Crosse City R. Co.* 101 Wis. 145. It is often said, and is the settled law, that where there is but one reasonable inference it is the duty of the court to draw it as a matter of law; but where the evidence will admit of conflicting reasonable inferences the proper inference is to be drawn by the jury. It is just as true that, where there are conflicting reasonable inferences and the situation will not reasonably admit of a decision that those pointing one way preponderate over those pointing the other, as a matter of law the case, from the standpoint of the party on whom the burden of proof rests, fails, and the question presented for decision is one of law for the court.

Counsel for respondent point with confidence to the memorandum on the note to the effect that it was to be returned if not accepted, and the evidence that the note was taken "to tie McDonald up." Neither such circumstance nor such evidence shows or tends to show that the parties expressly agreed that the obligation to pay should be deemed an actual payment. Such evidence, direct and circumstantial, at most indicates an agreement that McDonald would pay the first

premium at the due date of the note,— not that the note should be equivalent to such payment. That such was the actual understanding is evidenced by the fact that the customary receipt for the first premium, given to policy holders upon making payment thereof, was retained by Harris with the note to be delivered to McDonald upon his paying the same. The evidence shows that the extension of the time for payment of the note to November 15, 1898, was made as an extension of time for payment of the first premium upon the policy. The bank that held the note for collection was informed by Harris that the time for the payment of *the first premium* was extended to November 15th, and at the same time the receipt referred to was delivered to the bank with directions to turn it over to McDonald upon his paying the note. The provision in the policy, postponing its effect as an insurance contract till payment of the first premium, contemplated a delivery of the policy to McDonald subject to such provision, so that in case of payment of the first premium not being made till a later day the liability of the society would be postponed accordingly. So the delivery of the policy in advance of payment of the first premium does not point to the probability of a waiver of the provision that the liability under such policy should not antedate actual receipt by the society of such premium in money, nor does any other evidence that we can find in the record.

Further discussion of the case seems to be unnecessary. As we view the evidence there was an entire failure of proof to show that Harris and McDonald agreed that the note should be considered as a cash payment of the first premium or in lieu of such cash payment, hence that the motion of appellant for the direction of a verdict should have been granted.

*By the Court.*— The judgment appealed from is reversed, and the cause remanded for a new trial.