CHARLES D. GOULD v. JOHN SVENDSGAARD.[1]

January 24, 1919.

No. 20,943.

**Bills and notes — when maker may set up claim against payee after indorsement — judgment.**

Where the payee of a promissory note transfers it overdue, the maker may offset against the transferee a claim against the payee, existing at the time of the transfer, and later reduced to judgment. A judgment merges the cause of action so that the judgment creditor may not maintain another action on it against the judgment debtor, but it does not annihilate the debt. Inquiry into the nature of the cause of action is allowed where the ends of justice require it.

Action in the district court for Hennepin county to recover $1,000 upon a promissory note. The defense is stated in the second paragraph of the opinion. The case was tried before Leary, J., who made findings and ordered judgment for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Reversed.

*George S. Grimes* and *Harry S. Swensen,* for appellant.

*Clyde R. White,* for respondent.

HALLAM, J.

This action was brought to recover on a promissory note for $1,000 given by defendant to A. B. Crowell and transferred overdue to plaintiff. We gather from the record the following admitted or established facts: In January, 1912, Crowell and defendant entered into a contract by which it was agreed that defendant should exchange a farm in North Dakota for Crowell's 65 shares of stock in the Crowell Drug Company of Minneapolis, Minnesota. In February, 1912, Crowell discovered that there were incumbrances on the North Dakota land which were not contemplated by the contract. To adjust this matter, this note was given. Thereafter, and after the transfer of the note to plaintiff, and in fact after the commencement of this action, defendant, claiming that Crowell

[1]Reported in 170 N. W. 595.

had defrauded him by misrepresenting the stock and also had broken the contract, sued Crowell for damages in the district court of Wells county, North Dakota, and recovered a judgment for $8,074.45.

In the original answer in this case defendant pleaded as a defense or offset the same cause of action which he alleged in his complaint in the North Dakota suit. After judgment rendered in North Dakota, defendant interposed in this case a supplemental answer and in it pleaded such judgment. The trial court disallowed this offset or defense.

The note having been transferred when overdue, plaintiff took it subject to any set-off or defense existing at the time of the transfer. G. S. 1913, §§ 5870, 7675. The court disallowed this offset, on the ground that the original claim had been merged into the judgment and had lost its identity and vitality and hence could no longer be used as an offset, and that the judgment could not be an offset or defense because not in existence at the time of the transfer. The correctness of this ruling is the question on this appeal.

The matter is not free from doubt, but we reach the conclusion that the offset should have been allowed. The few decisions bearing directly on this point are in conflict. Lowell v. Lane, 33 Barb. 292; Andrews v. Varrell, 46 N. H. 17; Barber v. Baker, 70 Mo. App. 680, sustain the trial court. Gordon v. Decker, 19 Wash. 188, 52 Pac. 856; Peyton v. Planters' Compress Co. 63 Miss. 410, are to the contrary.

A judgment merges the cause of action so that the judgment creditor may not maintain another action against the judgment debtor upon the original cause of action. But the doctrine of merger is calculated to promote justice and will be carried no farther than the ends of justice require. The judgment does not annihilate the debt. Rossiter v. Merriman, 80 Kan. 739, 104 Pac. 858, 24 L.R.A.(N.S.) 1095. The essential nature of the cause of action remains unchanged. Wisconsin v. Pelican Ins. Co. 127 U. S. 265, 293, 8 Sup. Ct. 1370, 32 L. ed. 239; Gibson v. Green's Admr. 89 Va. 524, 16 S. E. 661, 37 Am. St. 888. The law of merger does not forbid all inquiry into the nature of the cause of action. If the prevailing party was entitled to certain privileges, or exemption from certain burdens, under his contract he may be entitled to the same privileges and exemptions under his judgment. Whenever justice requires it, the judgment will generally be construed not as a new debt

but as an old debt in a new form. Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L.R.A. (N.S.) 156; Donald v. Kell, 111 Ind. 1, 11 N. E. 782; Freeman, Judgments, § 244.

This court has held that it is proper to go behind the judgment to show that the debt was contracted prior to enactment of a certain exemption statute and that the judgment was therefore not subject to its terms. Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L.R.A. (N.S.) 156.

It has been held that a court of equity may look behind a judgment to ascertain whether the claim is really one of such a nature that equity is justified in enforcing it. Wisconsin v. Pelican Ins. Co. 127 U. S. 265, 293, 8 Sup. Ct. 1370, 32 L. ed. 239.

The court may look back of the judgment to see whether it is on contract or in tort. Louisiana v. Mayor, 109 U. S. 285, 3 Sup. Ct. 211, 27 L. ed. 936; Chase v. Curtis, 113 U. S. 452, 464, 5 Sup. Ct. 554, 28 L. ed. 1038.

In an action against third parties the original cause of action may be given in evidence. In an action by a judgment creditor of a corporation against a stockholder, notes on which the judgment is based are held to be evidence of the existence of the debt up to the time of entry of judgment, and the judgment evidence of its continued existence thereafter. Harrison v. Remington Paper Co. 140 Fed. 385, 72 C.C.A. 405, 3 L.R.A. (N.S.) 954, 5 Ann. Cas. 314.

A conveyance in fraud of creditors is assailable only by those having claims at the time the conveyance is made. The fact that the holder of such a claim transforms it into a judgment after the conveyance, does not render him a subsequent creditor. Black, Judgments, § 677; Stout v. Stout, 77 Ind. 537.

In cases involving the effect of a discharge under insolvent and bankruptcy laws which provide for the discharge of only such debts as exist at the time the proceedings were initiated, it is generally held that where a cause of action existed at the time of the filing of the petition, and was of such a nature that the discharge would have effected it, a judgment thereon taken after the filing of the petition will be discharged. Within the meaning of such laws the judgment is not regarded as a new debt arising subsequently to the filing of the petition. Boynton v. Ball,

121 U. S. 457, 465, 7 Sup. Ct. 981, 30 L. ed. 985; Clark v. Rowling, 3 N. Y. 216, 53 Am. Dec. 290; Freeman, Judgments, § 245.

In cases arising under state insolvency laws, it has been held proper to look behind the judgment to ascertain whether the contract on which the judgment was based was made before the passage of the act, and if such proves to be the case the act will be held not operative though the judgment is rendered after its passage. Betts v. Bagley, 12 Pick. (Mass.) 572, 580.

The principle of these cases is applicable to the case at bar. Their reasoning is sound. We must hold that, since defendant's demand arose before the transfer of the note, it is proper matter of defense or offset, notwithstanding the fact that it has been subsequently reduced to judgment.

Defendant offered no evidence except the North Dakota judgment in proof of his offset. Plaintiff contended on the trial that the North Dakota judgment is not evidence against him of defendant's claims because plaintiff was not a party to the North Dakota action. The court held that it appeared from the testimony in the case and the admissions in the pleadings that defendant's claims, such as they were, were in existence at the time of the transfer of the note to plaintiff and that the North Dakota judgment establishing the fact that these claims were valid was evidence of that fact as against plaintiff. Plaintiff has not appealed and we do not understand that he questions on this appeal the propriety of this ruling. We do not consider it.

Order reversed.