# CASES DETERMINED

AT THE

# August Term, 1919.

WAGENER, Respondent, vs. OLD COLONY LIFE INSURANCE COMPANY, Appellant.

*April 29—November 4, 1919.*

*Insurance: First premium: Time of payment: Payment of premium by note: Evidence: Implied waiver: Request for payment of premium.*

1. The taking of a promissory note, either for a preceding liability or a debt incurred at the time, is not payment unless expressly agreed to by both parties.

2. Credit for the first premium due on a life insurance policy may be extended to an insured, and may be shown by the facts and circumstances under which the application for insurance and delivery of the policy was carried out and the general course of business as conducted by the insurance company through its agent.

3. A note given for a premium does not operate as a payment in the absence of an express agreement to that effect.

4. The evidence in this case is *held* insufficient to show that the note of the insured, payable to the local agent of the insurer, was given and accepted as payment of the first annual premium on the insured's life policy.

5. A recital in a life insurance application that the first annual premium, immediately due, had been paid in cash, has no evidentiary weight on the issue as to whether insured's note was payment, where concededly no such cash payment was made.

6. A letter of the general agent of the insurer to the insured, dated September 24th, calling the insured's attention to the fact that his first premium was due September 9th and asking him to give the matter his immediate attention if the premium had not already been paid, is not binding as a declaration that the policy was then in force, being but a friendly admonition to the insured.

KERWIN and ESCHWEILER, JJ., dissent.

APPEAL from a judgment of the circuit court for Door county: EDGAR V. WERNER, Judge. *Reversed.*

This action was brought by *May E. Wagener,* widow of Dr. Nicholas Z. Wagener, to recover the amount of an insurance policy which she claims was issued to her husband by the defendant and was in force at the time of his death.

On April 9, 1914, Dr. Wagener signed a written application to the defendant for a policy insuring his life for the sum of $5,000, his wife being named as beneficiary. The annual premium was to be $85.50. Dr. Wagener preferred to have the annual premium due six months thereafter, so he and the agent, George C. Hocks, agreed that Dr. Wagener was to apply for the ten-year term and for six-months term insurance. Wagener signed a written application requesting this $5,000 policy for a ten-year term, but stated nothing therein as to the six-months term insurance. Hocks mailed this application to the company at Chicago. Wagener gave Hocks the following note:

"$85.50.          Sturgeon Bay, Wis., April 9, 1914.
"Six months after date I promise to pay to the order of George Hocks or order, eighty-five and 50-100 dollars at Sturgeon Bay, Wisconsin. Value received, with interest at 6 % per annum.
"No. ——. Due, ——.          N. Z. WAGENER."

The following day Hocks went to Green Bay, where he met Waldman, the general agent of the company, for whom he acted as local agent, and apprised him of Wagener's application and of the fact that it had been sent to the company at Chicago. Hocks reported that he had collected but $6.08 for the six-months term insurance. Waldman pointed out that Hocks had made a mistake in his figures as to the rate on the short-term insurance, so Hocks called Dr. Wagener up on the phone, telling him what the correct rate on the term insurance was, and the doctor agreed to pay the difference, $23.09, which sum he later paid. Hocks did nothing further in negotiating the insurance. He told Wald-

man he had the above note of Wagener, delivered other notes connected with his agency business to Waldman and closed up his agency business, but retained Wagener's note. He immediately went West, taking Wagener's note with him.    About April 25th Waldman received from the company a ten-year policy which the company issued on the application signed by Wagener, which Hocks had mailed, containing no terms asking for short-term insurance.    Waldman, without consulting Wagener, interlined the provisions of the application by inserting a request that the policy be dated September 9, 1914, and requested that a policy be issued in accordance with this request and that the company send a policy complying with such application and issue a short-term insurance up to September 9, 1914.

The policy was sent to Dr. Wagener and had attached thereto an agreement for short-term insurance up to September 9, 1914, upon payment of $29.89.    The following paper was sent by the company to Dr. Wagener with the request that he execute it:

. "I, Nicholas Z. Wagener, of Sturgeon Bay, Wisconsin, the insured under policy No. 12291, issued by the *Old Colony Life Insurance Company,* Chicago, Illinois, do hereby agree in behalf of myself, my heirs, executors, administrators, or assigns, that in event I fail to pay the annual premium, amounting to $85.50, due upon policy No. 12291, on September 9, 1914, issued by the *Old Colony Life Insurance Company* upon my life, bearing the date of September 9, 1914, that I will deliver back to said company said policy, and that all my rights of whatsoever character shall thereupon cease."

This paper, dated May 14, 1914, was signed by Dr. Wagener and returned to the company.

On September 24, 1914, when Dr. Wagener was ill in the hospital, Waldman, the general agent, wrote the doctor the following letter:

"My dear Sir:
"The annual premium (first year) of $85.50 on your

$5,000 ten-year term policy was due on the 9th of this month.   Have you paid the same as yet?   If not, kindly give this matter your early attention.   Hoping all is well and that you have fully recovered from the effects of your operation, I remain, with kindest regards,

"Yours very truly,              · H. C. WALDMAN."

Dr. Wagener died October 3, 1914.   The six-months note he had given Hocks, the local agent, became due October 9, 1914.   No premium had been paid to the company either by Hocks or the doctor on or before September 9, 1914, as called for by the terms of the policy and the writing executed by Wagener on May 14, 1914.

After the death of Dr. Wagener, payment of the premium was tendered to Waldman by friends of the deceased, which tenders were refused by Waldman.   The plaintiff applied for blanks on which to make proof of death and for payment of the amount of the policy, but the company refused to send them or to pay the amount of the policy.

The case was tried before the court and a jury.   The jury found by a special verdict that the defendant company extended credit to the deceased ·for the first premium due September 9, 1914, on the insurance policy in question, in its general course of business as conducted by said company through its agent, and that the defendant had knowledge through its agent of the condition of the health of Dr. Wagener a reasonable length of time before his death, October 3, 1914, to have demanded a return of the policy in question.

Judgment was entered in favor of the plaintiff for $5,000 and for interest and costs.   This is an appeal from such judgment.

For the appellant there was a brief by *Martin, Martin & Martin,* and oral argument by *Gerald F. Clifford,* all of Green Bay.

*W. E. Wagener* of Sturgeon Bay, for the respondent.

The following opinions were filed May 27, 1919:

SIEBECKER, J.   The defendant contends that there is no
evidence in the case sustaining the finding of the jury to the
effect that the defendant extended credit to Nicholas Z.
Wagener for the first premium, due September 9, 1914, on
the insurance policy in question.   The plaintiff asserts that
such credit was extended to Wagener by acceptance of his
note by the agent, Hocks, under the facts and circumstances
shown by the evidence.   It is an accepted and well estab-
lished rule of law in this state that the taking of a promis-
sory note, either for a preceding liability or a debt incurred
at the time, is not payment unless expressly agreed to by
both parties.   *Aultman & Co. v. Jett,* 42 Wis. 488; *Ford v.
Mitchell,* 15 Wis. 304; *Paine v. Voorhees,* 26 Wis. 522;
*Willow River L. Co. v. Luger F. Co.* 102 Wis. 636, 78 N.
W. 762.

Credit for the first premium due on a life insurance pol-
icy may be extended to an insured, and may be shown by
the facts and circumstances under which the application for
insurance and delivery of the policy was carried out and the
general course of business as conducted by the insurance
company through its agent.   *Hartwig v. Ætna L. Ins. Co.*
164 Wis. 20, 158 N. W. 280.

A note given for a premium does not operate as a pay-
ment in the absence of an express agreement to that effect.
*Kinne v. Mich. Mut. L. Ins. Co.* 92 Wis. 335, 66 N. W.
359; *McDonald v. Provident S. L. Assur. Soc.* 108 Wis.
213, 84 N. W. 154.

The question arises, Do the facts and circumstances
shown  by the evidence in this case permit of the inference
that it was agreed by Wagener and the local agent, Hocks,
that the note of Wagener, payable to Hocks, was given and
accepted as a payment of the first annual premium, due
September 9, 1914, on the policy in question, or that the

company extended Wagener credit for the payment of the
premium? A search of the record fails to disclose any
evidence tending to show that the note in question was given
and accepted in payment of the premium due on this policy
on September 9, 1914. We are not confined to oral state-
ments of the agent, Hocks, for determination of this ques-
tion. Aside from Hocks's testimony we have the evidence
of the transactions pertaining to the application and deliv-
ery of the policy in so far as the general agent, Waldman,
acted in the matter, and the writings signed by Wagener,
which throw light on the subject. True, the application
recites that the premium of $85.50 immediately due under
the application as originally submitted to the defendant on a
term policy for ten years had been paid in cash, but con-
cededly no such cash payment was made, hence such recital
has no evidentiary weight on the issue presented. The
policy provides that the policy was not "to take effect until
the first premium thereon shall have been actually paid in
cash, during the lifetime and good health of the insured."
This provision must be viewed in the light of the whole
transaction, including the preliminary term insurance from
the time it was issued to September 9, 1914. Without
question Wagener paid and defendant accepted the $29.89
as payment of the premium of the preliminary term insur-
ance and this insurance was in effect for that period. The
policy as delivered contained the condition that the ten-year
term insurance was to begin September 9, 1914, and that
premiums were to be paid annually in advance, and "if any
premium . . . or note therefor or any indebtedness secured
by this policy shall not be paid when due, this policy shall
thereupon cease."

As shown by the foregoing statement, Wagener, on May
14, 1914, at the request of the insurance company, signed
and delivered to defendant the writing whereby he agreed,
for himself and his legal representatives, that in event he

failed to pay the first annual premium on the ten-year term policy on September 9, 1914, to deliver back such policy and that all his rights under the policy should cease. The significance of this act by Wagener tends directly to show that he understood that payment of this premium was to be made as specified in the policy, namely, in cash on September 9th, and negatives the idea that he had an arrangement with Hocks by which he was to have an extension of credit up to October 9th following. The testimony of Waldman, the general agent, is clearly to the effect that he made no arrangement, nor did he understand that Hocks had made one, for an extension of credit of the payment of the premium on September 9th. As we have above indicated, the note is not in law evidence in itself that it was accepted as payment of the premium due September 9th. The course of conducting this business by the insurance company and by Wagener subsequent to his dealing with Hocks tends to show that no credit was extended.

Does the evidence of Hocks permit of an inference that the note was given and accepted by him as payment of the premium due September 9, 1914, or that it was taken as part of an arrangement to extend credit for the first premium? It is to be noted that the note and original application bear the same date, April 9, 1914; that the original application is for a ten-year term policy, to become effective immediately upon delivery; that the note is not made payable to the insurance company, but is payable to Hocks individually; that he held and treated it as an individual note and did not claim after Wagener's death that it was the company's note; that on October 9th, when it became due, he treated it as his individual note, and that on October 9th he offered to pay defendant $60 in cash on the premium of $85.50, which under the terms of the policy became due on September 9th. True, Hocks testifies that he took the note to cover a year's premium, but explains that payment of the first premium

was to be made in cash, and if Wagener could not pay it he (Hocks) would pay it for him; that he thought Wagener would pay Waldman and leave him out of it; that he accepted Wagener's note as a personal matter between him and Wagener. He also testified that he had property dealings with Wagener and held other notes from him. It is shown beyond dispute by the testimony of Hocks that he and Wagener had a private arrangement to the effect that the first premium on the policy was to be paid in cash when due, and that in the event Wagener could not pay it Hocks would pay it for him, and that the note in question was given to Hocks individually. It is therefore clear that there is no evidence in the case tending to show that the insurance company, through its agent, accepted the note as payment of the premium nor extended credit to Wagener for payment of the premium due September 9, 1914, and that there is no basis in the evidence supporting the finding of the jury that the company extended credit to Wagener for the first premium. *Tomsecek v. Travelers' Ins. Co.* 113 Wis. 114, 88 N. W. 1013; *McDonald v. Provident S. L. Assur. Soc.* 108 Wis. 213, 84 N. W. 154.

It follows that the court erred in refusing to direct a verdict on this issue in the defendant's favor. It necessarily follows that under the terms of the policy it was not in force and operative from September 9, 1914, by reason of the default in payment of the first annual premium due on that date. There is no ground for the claim that the letter of Waldman to Wagener dated September 24, 1914, calling to his attention the fact that the first premium was due September 9th, and asking him to give the matter his immediate attention if the premium had not already been paid, is binding as a declaration that the policy was then in force. The letter, as Waldman testifies, was sent as a friendly admonition to Wagener. Its contents do not indicate that the policy was treated as in force, nor do they constitute a

waiver of the condition that the policy was not to be effective if the premium due on September 9, 1914, was not paid as specified in the policy. The trial court erred in holding that the evidence in the case presented an issue of fact for determination by a jury and in awarding a judgment in plaintiff's favor for recovery on the policy.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with direction to award judgment dismissing the plaintiff's complaint.

KERWIN, J. (*dissenting*). The jury found (1) that the defendant company extended credit to the deceased, Nicholas Z. Wagener, for the first premium due September 9, 1914, on the insurance policy in question in its general course of business as conducted by said company through its agent; (2) that the defendant company, by and through its agent, had knowledge of the condition of the health of deceased, Nicholas Z. Wagener, a reasonable length of time prior to his death, October 3, 1914, to have demanded a return of the policy in question.

These findings are supported by the evidence, and upon the findings of the jury and the evidence in the case I am convinced that the judgment below is right and should be affirmed. *Rasmusen v. New York L. Ins. Co.* 91 Wis. 81 (64 N. W. 301), at p. 87; *Hartwig v. Ætna L. Ins. Co.* 164 Wis. 20, 158 N. W. 280; *McDonald v. Provident S. L. Assur. Soc.* 108 Wis. 213 (84 N. W. 154), at p. 216; *Dick v. Equitable F. & M. Ins. Co.* 92 Wis. 46 (65 N. W. 742), at p. 48; *Joliffe v. Madison M. Ins. Co.* 39 Wis. 111, at p. 119.

ESCHWEILER, J. (*dissenting*). I concur in the above dissent for the reasons therein stated and also in view of the fact that at the time the application was sent to defendant it was bound to take notice from the recital therein that an

arrangement as to payment was claimed to have been made between the insured and defendant's local subagent. Being charged with that knowledge, the insured was entitled to act upon the implied assurance, from the retention of the note and failure to return the same, that such was recognized by the defendant as the giving of credit and the extension of time as well under the waiver as under the original transaction.

A motion for a rehearing was denied, with $25 costs, on November 4, 1919.