## In re INGLIS MFG. CO.

## In re MICHIE CONST. CO.

(District Court, E. D. Wisconsin. October 2, 1923.)

**Bankruptcy ⊂⇒350—Claims for unpaid compensation premiums held entitled to priority under Wisconsin Workmen's Compensation Law.**

> The provision of Wisconsin Workmen's Compensation Law (St. 1921, § 2394—24.1) that "claim for unpaid compensation insurance premiums shall be entitled to the same preference in * * * insolvency proceedings as is given by any law of this state or by the federal Bankruptcy Act to claims for labor" is ineffective to give such claims the status of labor claims under Bankruptcy Act, § 64b (4) (Comp. St. § 9648b[4]); but, it being the manifest intention of the law to give them preference over debts due to general creditors, they are entitled to priority in bankruptcy under subdivision 5 of said section.

In Bankruptcy. In the matter of the Inglis Manufacturing Company, and of the Michie Construction Company, bankrupts. On review of order of referee. Reversed, with directions.

Alexander & Burke, of Milwaukee, Wis., for trustee.
Julius E. Roehr and John M. Niven, both of Milwaukee, Wis., for claimants.

GEIGER, District Judge. A question arises in each of these matters respecting the status obtainable by liability insurance companies upon their claims for earned, though unpaid, premiums upon so-called compensation insurance policies issued pursuant to the Workmen's Compensation Law of Wisconsin. The facts are not in controversy, and we are referred at once to the provisions of Wisconsin Statutes, section 2394—24.1, viz.:

> "The whole claim for compensation for the injury or death of any employee or any award or judgment thereon. and any claim for unpaid compensation insurance premiums shall be entitled to the same preference in * * * insolvency proceedings as is given by any law of this state or by the federal Bankruptcy Act to claims for labor, but this section shall not impair the lien of any judgment entered upon any award."

The referee held that the claims could not be given any preferential status at all, and allowed them as simple contract claims; and the insurance companies seek review of such ruling.

At the outset, the inquiry necessitates notice of the terms and dominant character of the Bankruptcy Law upon the general subject. Section 64a of that act (Comp. St. § 9648), the title being "Debts which have priority," mandatorily directs bankruptcy trustees to pay all taxes due and owing (1) to the United States, (2) state, (3) county, (4) district, or (5) municipality, "in advance of the payment of dividends to creditors." That direction must be complied with quite regardless of the character of the tax obligation as a "debt." It is made a first charge.

Thereupon, the same section, in paragraph "b," proceeds to deal with further obligations, characterized as debts "to have priority" and "to be paid in full," the "order of payment" to be: (1) Cost of preserv-

ing the estate; (2) filing fees, expenses of recovery of property, etc.; (3) Costs of administration, counsel fees, etc.; (4) Wages due to workmen, clerks, earned within three months, not exceeding $300; (5) "Debts owing to any person who by the laws of the States or the United States is entitled to priority."

. Manifestly, if the constitutional, therefore dominant, power of Congress, in respect of bankruptcy, is to be effective, it goes, as a matter of concession, that no state or other authority, either legislative, executive, or judicial, can by direction or indirection enlarge or restrict either the scope of section 64 or any of its subdivisions or any category therein established. On the face of it, it must be granted that the Legislature of Wisconsin could not by the act above mentioned introduce into category 4—dealing with labor claims—a claim not essentially within the definition of the terms used by Congress; nor could it bind the federal court to respect an effort to introduce, for example, a claim for wages to a different rank of priority than Congress has given such claim. If that were all of the question presented, I think counsel for the claimants would acknowledge dismissal of their preferential demands. That, however, is far different from the fundamental aspect of the claims, and certain preliminary observations may aid us in approaching the consideration of the state law in the light of the dominant congressional provision. Clearly both the state and the national Legislatures in dealing with preferential status or "priorities of claims" may be, and usually are, obliged to determine not less than two elements: First, whether any preference or priority should be recognized; and, secondly, if so, what degree or rank of preference and priority in the light of (1) other priorities, or (2) unsecured or common or ordinary claims. Now, it is obvious that section 64, supra, by establishing distinct categories such as are found in 1 to 4, inclusive, forbids both the inclusion of anything not within the fair definition of each of those categories, and likewise forbids anything but judicial definition of such terms. And therefore, as noted, an effort of the state Legislature to introduce into subdivision 4 an insurance claim, or a claim for insurance premiums, of the character noted in the Wisconsin act, or to give such claims a rank equal to the subject-matter of the fourth category, must both fail. But the fifth subdivision or category created by Congress could not manifest more clearly an intention to recognize a preferential status of any claim, once it be so made, by "the laws of the states" in respect of "debts owing to any person." Such subdivision seems to call for nothing more than a debt owing to a person who by the law of the state is entitled to priority.

Now, it is urged by the trustee that because of the specification in the state law, viz., "the same preference in bankruptcy * * * as is given by any law of this state or by the federal bankruptcy act to claims for labor," the whole intent to give such claims any preference at all must fail. It seems to me entirely clear that if there were eliminated from the section the specification as to "the same preference," and in lieu thereof a simple declaration that such claims shall have preference in insolvency proceedings, they would clearly be encompassed by subdivision 5 of section 64; and counsel for the trustee con-

ceded this upon argument. But it is urged that because it was not competent for the Legislature, as against the Bankruptcy Law, to introduce insurance premiums into the same category with labor claims, therefore the fundamental intent (clearly disclosed as against unsecured or ordinary claims) should also be ignored. This assumes that the Legislature had a singleness of purpose to do an unconstitutional and futile thing; that its intention to give a preferential status—of some kind—was dominated by what we must hold to be a particular intention to give a rank in such status which could never be taken, and that, rather than give the claimant a status under section 5 it had the actual intention of giving nothing at all. I do not believe that the Bankruptcy Law requires any such limitation to be placed upon the state statute. On the contrary, if the intent is clear, as I believe it is in this case, that, as against ordinary creditors, a preference was intended, effect should be given to that intent when the appropriate language of the section dealing with preferences in bankruptcy enables it. We may state the matter in another way: Did the Legislature of Wisconsin intend to treat with the subject-matter of compensation awards and of unpaid compensation insurance premiums in such a way as to grant a preference in favor of those who held debts arising thereon? If so, such debts are clearly within subdivision 5 of 64b, and, hence, should a contrary answer be given to the question merely because the Legislature, wholly without power (but manifestly without intending to withhold its grant of some sort of preference), attempted to put the debts into class 4? Or again, putting it in the precise language of clause 5, are the "persons" holding these "debts" entitled to priority, by the laws of Wisconsin? If so, they may have it in bankruptcy. But they must take the rank which the Bankruptcy Act gives them.

I am satisfied that claimants are entitled to preference under clause 5 of 64b.

The foregoing discussion dispenses with the necessity of considering whether these claims would otherwise have the limitations of section 64b, subd. 4, viz., premiums earned within three months and not exceeding $300.

The orders of the referee are reversed, with directions to allow the claims as preferred under section 64b, cl. 5.