In re WILLIAM H. DEASON & CO.

DAVIS v. BUILDERS' MUT. CASUALTY CO.

Circuit Court of Appeals, Seventh Circuit.
May 26, 1927.

No. 3813.

1. Bankruptcy 345(1)—Creditor's claim to preference held not defeated because of taking note evidencing plurality of debts, some of which were entitled to preference.

Taking of note from bankrupt to evidence a plurality of debts due creditor, some entitled to preference and others not, *held* not to defeat creditor's right to preference, there being no presumption that debt was extinguished from mere taking of note therefor.

2. Judgment 582—Courts will look behind judgment, when essential rights of parties are affected by original contract.

Though, generally speaking, judgment merges debt, courts will look behind judgment, when the essential rights of parties are affected by original contract.

3. Judgment 582—Right to preference for unpaid insurance premiums held not merged in judgment taken on notes therefor prior to bankruptcy (St. Wis. 1925, § 102.28, subsec. 1; Bankruptcy Act, § 64b [Comp. St. § 9648]).

Creditor's lien or right to preference against bankrupt estate for unpaid insurance premiums under St. Wis. 1925, § 102.28, subsec. 1, and Bankruptcy Act, § 64b (Comp. St. § 9648), *held* not to have been merged in judgment taken prior to institution of bankruptcy proceedings.

4. Bankruptcy 350—Preference authorized by state law for unpaid compensation insurance premiums held limited to claims arising within six months before bankruptcy (St. Wis. 1925, § 102.28, subsec. 1; Bankruptcy Act, § 64b [4] and [5], being Comp. St. § 9648).

Under St. Wis. 1925, § 102.28, subsec. 1, authorizing preference to claims for unpaid

compensation insurance in bankruptcy proceedings, preference will not be given to claim therefor arising more than six months prior to filing of petition in bankruptcy, since preference authorized by such statute can be given effect only by allowing preference under Bankruptcy Act, § 64b (5), being Comp. St. § 9648, and not under § 64b (4).

Appeal from the District Court of the United States for the Western District of Wisconsin.

In the matter of the bankruptcy of William H. Deason & Co. From that part of a decree giving preference to the claim filed by the Builders' Mutual Casualty Company, C. W. Davis, trustee, appeals. Reversed, with directions.

Frank A. Ross, for appellant.
R. J. Sutherland, for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellee filed an unsecured claim for unpaid insurance premiums against the estate of the bankrupt. It was allowed in full and given preference to the extent that it represented workmen's compensation insurance. The present appeal involves merely that part of the degree which gave a preference.

The allowance of a preference was based upon a Wisconsin statute (subsection 1, § 102.28), which reads:

"The whole claim for compensation for the injury or death of any employé or any award or judgment thereon, and any claim for unpaid compensation insurance premiums shall be entitled to the same preference in bankruptcy or insolvency proceedings as is given by any law of this state or by the federal Bankruptcy Act to claims for labor, but this section shall not impair the lien of any judgment entered upon any award."

The efficacy of this section is due to section 64b of the Bankruptcy Act (Comp. St. § 9648) which reads:

"(b) The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be * * *

"(4) Wages due to workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant.

"(5) Debts owing to any person who by the laws of the states or the United States is entitled to priority."

The Bankruptcy Act thus recognized the debts given preference by the state statute. Our inquiry, therefore must be one to determine what, if any, preference the Wisconsin statute gave the creditor.

The denial of any right to preference is asserted because: (a) Claimant took the bankrupt's note for the debt in question along with other obligations of the bankrupt (b) Claimant reduced the notes thus taken to judgment prior to the institution of bankruptcy proceedings and thereby lost its right to preference. (c) The statute does not permit of a construction that would give preference to claims such as here involved; or, if any preference should be given, it must be limited to that part of the debt contracted within three months of the adjudication in bankruptcy.

[1] (a) Both reason and authority support appellee in its contention that the taking of the note to evidence a plurality of debts due it, some entitled to preference and others not, will not defeat its right to a preference. Derby v. Worcester County (C. C. A.) 102 F. 809; A. Leschen & Sons Rope Co. v. Mayflower Gold Mining & Reduction Co. (C. C. A.) 173 F. 855, 35 L. R. A. (N. S.) 1.

In Wisconsin, it has been held (McDonald v. Provident Savings Life Assurance Society, 108 Wis. 213, 84 N. W. 154, 81 Am. St. Rep. 885; Wagener v. Old Colony Life Ins. Co., 170 Wis. 1, 172 N. W. 729) that no presumption that the debt is extinguished arises from the mere taking of a note therefor. And this deduction must be strengthened when it is shown that the effect of the extinguishment of the debt is to strike down a lien or a right to preference.

[2, 3] (b) The effect of the reduction of the notes to judgment presents a closer question. Generally speaking, a judgment merges the debt. This, however, is but a general rule and courts will look behind the judgment when the essential rights of the parties are affected by the original contract. Gould v. Svendsgaard, 141 Minn. 437, 170 N. W. 595. While the decisions are not unanimous (for contrary holding, see In re Burton Bros. Mfg. Co. [D. C.] 134 F. 157), we adopt the rule announced in Re Haskell (D. C.) 228 F. 819, and in Re Anson (D. C.) 101 F. 698, 15 R. C. L. 789, and hold that the lien or right to preference was not merged in the judgment.

[4] (c) This brings us to appellant's last objection. The Wisconsin statute is most unfortunately worded. Its construction is made the more difficult because of our in-

ability to give its langage a literal meaning. To illustrate: Claims such as appellee's cannot possibly be preferred, according to the provision of subsection 4 of section 64b. Appellee does not so contend. To so hold it would be necessary to recognize an amendment to the Bankruptcy Act by a state statute. In other words, the Congress saw fit, by subsection 4, to classify claims that represent wages of workmen, etc., and to provide for their payment in full before the payment in part of debts defined by subsection 5. And this order of payment cannot be modified by any state legislation.

But, so far as possible, this Wisconsin statute should be given force and effect. This can be done by allowing appellant the preference which is provided in subsection 5 of 64b. But to what extent should this preference be given? To the whole claim, or to that part which originated within three months of the date of the bankruptcy proceedings?

Appellee relies upon In re Inglis (D. C.) 292 F. 907, in addition to the opinion of the District Court in the instant case. With due deference to the opinions cited, we feel constrained to reach a different conclusion. We base our conclusion on the language of the statute. The words of controlling significance are "the same preference" as used in the sentence of which they are a part.

The statute is one granting a preference. It intended to give, and did give, certain claims (appellee's included) a preference. But the preference was not an unlimited one. It was "the same preference * * * as is given by law of this state or by the federal Bankruptcy Act to claims for labor." It is the preference given to "claims of labor" that measures, and in measuring restricts, the preference of claimant. Under Wisconsin law, the claims of labor are limited to those which arose within six months of the voluntary assignment. Under the federal Bankruptcy Act, the time limit is three, rather than six, months.

In the instant case it matters not whether the date of origin of the claim be three or six months for the amount is the same. Claimant cannot be given preference for a claim that arose more than six months prior to the filing of the petition in bankruptcy. While this construction is made imperative by the words of the statute, we are fortified in our conclusion by the belief that this must have been the intent of the Legislature that enacted this law.

The order giving his claim preference is reversed, with directions to enter an order granting it only such preference as here indicated. The costs of this court shall be divided equally between the parties.