WILLOW RIVER POWER COMPANY, Appellant, vs. RAIL-
ROAD COMMISSION OF WISCONSIN, Respondent.

*May 10—October 9, 1928.*

*Spencer Haven* of Hudson, for the appellant.

For the respondent there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and

oral argument by *Mr. Arnold* and *Mr. Samuel Bryan* of Madison.

The following opinion was filed June 18, 1928:

ESCHWEILER, J.   The utility here insists that the taking of the notes from the parties to the original contract with the utility providing for the payment in advance of the cost for the equipment and installation of the necessary wires for service in such territory as was here involved, could not be considered as payment and that such obligation was a continuing one, and that the Railroad Commission was without power to compel the utility to now furnish service to new owners of the same premises, leaving unpaid the amounts due for the original installation of service.

The trial court properly found that there was no express contract agreement between the Power Company and the former owners that the giving of the notes should be accepted as a payment of the obligations evidenced by such notes, and, there being no express agreement to that effect, the mere giving of such obligations did not, as between the parties, amount in law to a payment or discharge of the obligations. *Wagener v. Old Colony Life Ins. Co.* 170 Wis. 1, 5, 172 N. W. 729.   We deem this proposition, however, immaterial here.

The Power Company did not exercise the option which it had secured to itself of removing the wires and equipment from the premises upon default in the payment, but allowed the same to remain on the respective premises in the same form as before and ready for immediate service.

The utility being in a situation where it can now furnish service to the present owners of the premises without any additional expenditure for equipment, it cannot, as against a present owner of the premises, refuse him service because of unpaid liabilities of a former owner with which the present owners are neither by contract or law charged with responsibility, and for which they have in no wise assumed

responsibility. That refusal of such service in a city to a present occupant of premises whose former occupant was delinquent in his obligations cannot be based upon the ground that the obligations of a prior owner or occupant must first be met as a condition precedent to the right of service is not questioned here by appellant and is well established by the authorities passing on such a question, among which are *Hatch v. Consumers Co.* 17 Idaho, 204, 104 Pac. 670, 40 L. R. A. n. s. 263, with note; cases cited in note in 28 A. L. R. 486, and 13 A. L. R. 349.

We can find no ground upon which a distinction can be made between such a situation and the one here. The company has its wires installed and ready for service to the present owner or occupant of these two premises and they are entitled to present service, and it is within the power and jurisdiction of the Railroad Commission to direct that such service shall be given.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 9, 1928.