**ROSS v. NEW YORK LIFE INS. CO.**

No. 6929.

Circuit Court of Appeals, Fifth Circuit.

Jan. 23, 1934.

Chalmers Potter and Forrest B. Jackson, both of Jackson, Miss., for appellant.

William H. Watkins, of Jackson, Miss., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an action on a life insurance policy. The defense, that the policy lapsed for the nonpayment of premiums, was upheld by the district judge, who at the close of the evidence directed a verdict in favor of the insurance company. The beneficiary, who was plaintiff below, appeals and contends here that the failure to pay a premium, on account of which the policy lapsed, was waived by the insurance company.

The policy was issued December 11, 1928; the premiums were payable quarterly. The premium payable December 11, 1929, was not paid; nor was any premium subsequently paid. The insured became sick and died of cancer on February 27, 1931. While he was sick, appellant wrote to the general agent of the company at Shreveport, La., asking the status of the premium payments, and received a letter in reply, dated February 21st, which stated: "As per your request, I am attaching hereto duplicate notices of the premiums that will be due March 11, 1931, and March 26, 1931, respectively on the two above numbered policies." The policy on which premium was stated to be due on March 26th is not here involved. Attached to the agent's letter was a notice that payment of premium would be due on March 11th, "provided the policy is then in force."

In our opinion this letter from the company's agent and the notice attached are not enough to constitute a waiver. There was nothing that appellant could do in January and February, 1931, during the last illness of her husband, which would have resulted in the reinstatement of the policy. The letter and notice sent out on behalf of the company were the results of mistake pure and simple. No waiver was intended, and none was in fact made. The policy had not been in force for more than a year. The notice was subject to the provision that the policy should be in force on the due date of the premium. It did not have the effect of waiving the previous default in premium or lapse of the policy. Rabb v. N. Y. Life Ins. Co., 108 S. C. 137, 93 S. E. 711; Wagener v. Old Colony Life Ins. Co., 170 Wis. 1, 172 N. W. 729; Provident Life & Accident Ins. Co. v. Hollums, 213 Ala. 300, 104 So. 522; Cooley's Briefs on Insurance, vol. 5, pp. 4430, 4431. Our conclusion is that it was not error to direct a verdict for the insurance company.

The judgment is affirmed.