PENTERMAN, Appellant, vs. PENTERMAN and another,
Respondents.

*October 8—November 4, 1941.*

■■■■■■■■■■■■■■■■■■■■■■

For the appellant there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Fulton* and *Mr. Edgar E. Becker.*

*Joseph W. Lefevre* of Kaukauna, for the respondents.

WICKHEM, J.  Plaintiff is a widow, her husband having died in 1917, leaving four daughters and five sons.  Defendant, Herman Penterman, is plaintiff's son.  Defendant lived with plaintiff until his marriage to the defendant, Loretta Penterman, in May, 1928.  On December 15, 1928, plaintiff advanced $1,000 to Herman and Loretta Penterman and they made and delivered to her their promissory note in the principal sum of $1,000, payable six months after date.  Payments of interest were made December 14, 1929, and December 14, 1930.  On May 26, 1934, at a time when there was about $200 interest in default, defendants executed a chattel mortgage to plaintiff covering growing crops owned by defendant, and reciting that it secures "the sum of $200, being interest on a loan made by Mrs. Mary Penterman to mortgagors."  There is a conflict in the evidence, whether this chattel mortgage was accompanied by a note for $200, plaintiff denying receiving any such note and defendant, Herman Penterman, rather uncertainly recalling that he executed one.  There was no indorsement of payment upon the $1,000 note at the time the chattel mortgage and alleged $200 note were given.

On or about December 1, 1934, plaintiff discovered that one of the crops covered by the mortgage had been sold by defendants and a portion of the proceeds collected.  She thereupon demanded payment of the sum secured by the chattel mortgage.  On December 21, 1934, plaintiff received $193.84

from the purchasers of the crop and on December 28th of the same year Herman Penterman paid the balance of $6.16. These payments are within the six-year period, and if they are payments on interest or principal of the original note clearly toll the statute of limitations.

It was the view of the trial court that a note for $200 was given in connection with the chattel mortgage in payment of interest then due and that, while this had the effect of tolling the statute of limitations, its operation was as of May 26, 1934, when the note and mortgage were executed, and not as of December 19, 1934, when the $200 note and chattel mortgage were paid and discharged.

Considerable argument is devoted to the question whether the evidence sustains a finding that a note for $200 was made and delivered to plaintiff. Plaintiff denies this and defendant, Herman Penterman, is not very positive in his testimony that a note was executed, and there is no evidence of delivery to plaintiff unless his testimony as to execution is to be supposed to include delivery to plaintiff. No note is referred to in the chattel mortgage. We pass this point with a mere comment that the evidence is certainly not very clear and satisfactory, but for the purposes of the opinion we will assume that the finding is supported and that a note was given in connection with the chattel mortgage. The reasoning of the trial court on these premises is that the $200 note and the chattel mortgage operated as an unconditional payment of interest, thus closing the transaction and fully discharging the obligation to pay interest up to the date of the note. The trial court quite logically thereafter treats the $200 note as a new and separate obligation, payments upon which are not payments upon the interest or principal of the original note. We are persuaded that the conclusion has no factual basis.

It is elementary that in the absence of evidence establishing an express agreement to this effect, delivery of a note by the

debtor to his creditor does not constitute an unconditional payment of the debt. In the absence of evidence it is treated as mere evidence of the debt, security for it, or at the most, a conditional payment. If the latter, the debt revives upon failure to pay the note and the debt is only fully and unconditionally paid when the note is discharged. In this connection see *McDonald v. Provident Savings Life Assurance Society,* 108 Wis. 213, 84 N. W. 154, in which it is said that *prima facie* the taking of a note for an indebtedness makes the note only evidence of the indebtedness, and *Wagener v. Old Colony Life Ins. Co.* 170 Wis. 1, 172 N. W. 729, to the effect that the taking of a promissory note for a preceding liability or debt is not payment unless expressly agreed to by both parties. It is clear that there is no evidence here of an understanding between the parties that the mortgage and note (if a note was given) were to be received in unconditional payment of the principal and interest to which it refers. Indeed, the recitation in the chattel mortgage heretofore quoted indicates that the purpose was merely to secure the debt for defaulted interest. Under these circumstances, the payments upon the $200 note were payments of interest on the original note for $1,000 and had the effect of tolling the statute of limitations, and the trial court was in error in treating the new note and mortgage as completely separate from, and as unconditional payment of, the interest on the original note.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff.